STATE of Missouri, Respondent,

v.

Robert J. WALKER, Appellant.

No. KCD 27399.

Missouri Court of Appeals, Kansas City District.

Dec. 8, 1975.

Robert L. Rodarte, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Karen M. Iverson, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

After a conviction for possession of heroin, defendant appealed to this court which awarded him a new trial. *State v. Walker,* 490 S.W.2d 332 (Mo.App.1973). Thereafter defendant was retried and was again convicted. He again appeals.

The facts shown by the evidence, briefly stated, are that defendant was stopped for a traffic offense while driving an automo-bile. A routine radio inquiry by the police officer revealed that the license plates on defendant's car had been reported as stolen. Defendant and a female passenger in the car were ordered out for a search. In an army fatigue jacket, which defendant admitted to be his, the police officers found the heroin which is the subject of the present prosecution.

For his first point on this appeal, defendant asserts that the trial court erred in not declaring a mistrial because of testimony relating to crimes other than the one for which he was on trial. The testimony complained of was given by Officer Harmon and Sgt. Russell. That by Harmon occurred when he was describing the search of the army fatigue jacket and was as follows:

"Q. What occurred—what did you observe after Officer Brennaman took the passenger out of the car?

"A. The—we had the passenger drop an Army fatigue jacket. Officer Brennaman started shaking the jacket down. The defendant stated the jacket and the contents in the jacket belonged to him. About this time Officer Brennaman found a syringe and a small brown envelope containing some capsules."

Upon defendant's objection to the testimony about the syringe, the court sustained the objection, instructed the jury to disregard the question and answer, but overruled defendant's motion for a mistrial.

The testimony in question on the part of Russell occurred in connection with the State's proof of the chain of possession of the heroin capsules after they were taken from defendant. In order to prove this chain of possession, Sgt. Russell was a necessary witness. During the course of his testimony, the following occurred:

"Q. And did you see Officers Harmon and Brennaman on that day?

"A. Yes, sir.

"Q. And what were those circumstances?

"A. I was in the Vice Unit office on that day when they brought in some capsules and some what appeared to be Marijuana to be placed in the property room."

The court sustained an objection to the mention of marijuana, instructed the jury to disregard that portion of the witness' answer, but overruled defendant's motion for a mistrial.

Both these pieces of testimony crept into the trial through pure inadvertence. With respect to the Harmon testimony the court specifically found, "I'm satisfied that the reference to a syringe was inadvertant [sic] and accidental and certainly not intentional on the witness' part."[1] Defendant's counsel himself stated at the time he objected to this testimony that "there is no doubt it was unintentional". Likewise, with respect to the Russell testimony, the court specifically found, "I'm satisfied that the witness' answer was not intentional in this respect".

██ Situations of this sort frequently happen when a witness unexpectedly volunteers some inadmissible statement. When that occurs, the nature of the action called for rests largely within the discretion of the trial court. Granting a mistrial is a drastic remedy, and the trial judge has a duty to evaluate the whole situation to ascertain whether some other remedy short of that will cure the error. The appellate court reviews that decision only to verify that there has been no abuse of discretion.

██ In the present case, the trial judge had abundant reason to decide against declaring a mistrial. The short items of testimony in question slipped in unintentionally without any connivance of any sort. The trial judge promptly and explicitly instructed the jury that these references were to be disregarded. After the initial brief and rather casual reference to the syringe and marijuana, those items were not further mentioned. That testimony was neither ex-

tensive nor inflammatory, and the prosecutor made no effort to magnify or argue those references. Many decisions sustain like trial rulings under similar circumstances. *State v. Parker,* 509 S.W.2d 67, 70 (Mo.1974); *State v. Scarlett,* 486 S.W.2d 409, 411 (Mo.1972); *State v. Parker,* 476 S.W.2d 513, 516 (Mo.1972); *State v. Allen,* 472 S.W.2d 358, 360 (Mo.1971); *State v. McLarty,* 467 S.W.2d 58, 60–61 (Mo.1971); *State v. Edmondson,* 461 S.W.2d 713, 716–717 (Mo.1971); *State v. Mallory,* 423 S.W.2d 721, 723–724 (Mo.1968); *State v. Sinovich,* 329 Mo. 909, 46 S.W.2d 877, 880–881 (1931); *McWilliams v. United States,* 394 F.2d 41, 47 (8th Cir. 1968). This is especially true where, as here, proof of defendant's guilt is clear and convincing. *McWilliams v. United States, supra.*

For his second point, defendant complains that the trial court abused its discretion by allowing the State to reopen its case for the purpose of putting on additional evidence. The amended information upon which defendant was tried alleged that he had been previously convicted for the possession of marijuana. The effect of this prior conviction would be to enhance the penalty under Section 195.200, RSMo 1969. However, the prosecutor announced that he was resting the State's case, without having introduced any evidence to prove the prior conviction.

Immediately after the prosecutor announced that the State rested, the court called a short recess and the jury retired to the jury room. At that point the prosecutor asked leave to reopen the State's case to call a record custodian in order to identify the record of defendant's prior conviction. Defense counsel objected. The trial court thereupon made rather extensive inquiry of counsel, during the course of which defendant's attorney admitted that he had been directly advised that the State intended to make this amendment to the information and intended to introduce proof of the prior conviction. Thus it was apparent that de-

1. The State makes no contention that Harmon's testimony with reference to the sy-
ringe was admissible, and we express no opinion in that respect.

fense counsel was not taken by surprise. The court found that the defendant could not be prejudiced by the State reopening its case, and the court did give leave to the prosecution to reopen its case.

The grant of this permission lay within the broad discretion of the trial court. No abuse of discretion appearing, that action will not be disturbed. *Malone v. State,* 461 S.W.2d 727, 729 (Mo.1971); *State v. Payne,* 452 S.W.2d 805, 808–809 (Mo. 1970); *State v. Lafferty,* 416 S.W.2d 157, 161 (Mo.1967); *State v. Robinson,* 325 S.W.2d 465, 470 (Mo.1959); *State v. Haun,* 324 S.W.2d 679, 682 (Mo.1959); *State v. Dobbins,* 351 Mo. 796, 174 S.W.2d 171, 172 (1943); *State v. Ray,* 225 S.W. 969, 973 (Mo.1920).

Affirmed.

All concur.