**STATE of Missouri, Respondent,**

v.

**Steven Lydell WILLIAMS, Appellant.**

**No. KCD 29144.**

Missouri Court of Appeals,
Kansas City District.

Oct. 30, 1978.

Bruce W. Simon, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Carson W. Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Following a jury trial, defendant was found guilty of felony murder and sentenced to life imprisonment. He assigns the following points on this appeal: 1) the court erred in failing to declare a mistrial when witness Falkner testified that he and defendant had planned another robbery different from the one which led to this fatal shooting, because that evidence constituted proof of separate criminal activity unrelated to the issue of trial; and 2) the court erred in admitting certain exhibits on behalf of the State. Neither point is well taken, and we therefore affirm.

Defendant does not undertake the impossible task of challenging the sufficiency of the evidence to support the conviction, so it is necessary only to recite enough of the evidence to place the issues stated above in factual context. James Falkner was the chief architect of a plan to rob North Hills Bank in Clay County, Missouri, and he enlisted a group of young men, including defendant, for that purpose. These men met in a Kansas City apartment, where Falkner outfitted defendant and two others with guns, coveralls, gloves and ski masks. Those three then drove to Clay County where they entered the Bank and commenced upon the planned robbery. However, the Bank guard resisted, whereupon defendant shot the guard who later died from the wounds.

Immediately after this shootout, the three robbers fled the scene. One was seen running uphill away from the Bank and struggling out of a suit of coveralls. The other two were seen fleeing in an automobile, one of them wearing sun glasses. Various members of the group were soon apprehended. Falkner turned State's evidence and testified in great detail as to the above facts.

With respect to defendant's first point, the testimony which defendant claims gave him a right to a mistrial occurred during the cross-examination of Falkner: "Q. After you and Mr. Berry and Mr. Rollie set up this bank deal, how many people did you discuss it with ? A. Just Mr. Williams, really Mr. Williams. Mr. Williams was supposed to have been advised of another bank, but it was scratched."

Defendant's counsel moved to strike that answer as not responsive and further requested a mistrial on the ground that the testimony purported to involve the defendant in another and different bank robbery. The trial court did order the testimony stricken and advised the jury to disregard the answer; but the court denied the motion for a mistrial.

It is not necessary to decide whether this testimony did in fact interject evidence of another crime, as claimed by defendant, or whether on the other hand (as claimed by the State) the testimony showed no crime because the prior contemplated bank robbery had been "scratched" and therefore such a separate crime never actually occurred. Assuming, however, that this testimony should be deemed in effect evidence of other unconnected criminal activity, still the court's refusal to grant a mistrial was not reversible error.

The grant of a mistrial constitutes drastic action which is to be used only under extraordinary circumstances; whether the situation does rise to such a level of prejudice rests largely in the discretion of the trial court and is to be reviewed on appeal only for abuse of discretion. *State v. Lewis,* 482 S.W.2d 436 (Mo.1972); *State v. Barnes,* 535 S.W.2d 602 (Mo.App.1976).

Under the circumstances here, the trial court did not abuse its discretion in denying the mistrial. The statement in question was volunteered by the witness, and it slipped in unintentionally with no showing or even any claim of connivance on the part of the prosecuting attorney. The court promptly sustained a motion to strike and ordered the jury to disregard. The testimony in question was not intensive nor inflammatory and no attempt was made by the prosecuting attorney to pursue the matter. Under similar circumstances, it has

frequently been held that a denial of mistrial is not error. *State v. Walker,* 531 S.W.2d 55, l.c. 57 (Mo.App.1975) and cases there cited.

■ Defendant's second point relates to the admission of exhibits consisting of a pair of coveralls, a pair of gloves, a ski mask, a pair of sun glasses and an automobile key. These items were found by the police in the course of their investigation immediately following the robbery, 55 to 75 feet west of the Bank in the uphill direction in which one of the robbers had been seen fleeing. Defendant objects that the State introduced no evidence connecting those exhibits with him because he was never identified as the robber running uphill and there is no charge that defendant was acting in concert with anyone else in committing the murder. Defendant further argues that the exhibits have not been connected with the crime.

It can be assumed for the purpose of this decision that the exhibits in question were never directly connected to defendant. Nevertheless, defendant's argument is in error when he says that these exhibits were not connected with the crime.

Ample evidence showed that the three active robbers were wearing coveralls, ski masks, and gloves. One of the robbers was seen running uphill from the Bank struggling out of his coveralls. Very soon thereafter coveralls meeting the description were found 55 to 75 feet west of the Bank, together with gloves and ski mask. This combination of circumstances brings the case within the rule stated in *State v. Rains,* 537 S.W.2d 219, l.c. 225 (Mo.App. 1976):

> "Testimony concerning any physical object connected with a crime tending to show the manner in which the crime occurred may be admitted into evidence, and this rule of evidence has a special application when the articles, instruments, or weapons indicative of the crime are found near the scene of the crime subsequent to the commission of the crime upon the theory they may tend to explain the crime, although not otherwise connected with the accused."

Moreover, the coveralls, gloves and ski mask served to corroborate the testimony of the prosecution's key witness, Falkner, who had testified that he had outfitted the three robbers with coveralls, gloves and ski masks. *State v. Broadnax,* 572 S.W.2d 224, (Mo.App.1978).

■ The automobile key and perhaps also the pair of sun glasses did not quite fit within the rules just stated. However, the admission of neither of these two items was of any significant importance and qualify beyond reasonable doubt as harmless error. See *State v. Epperson,* 571 S.W.2d 260 (Mo. banc 1978).

Affirmed.

All concur.