STATE of Missouri, Respondent,

v.

Ollie WILLIAMS, Appellant.

No. 46189.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 15, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Dorothy Mae Hirzy, St. Louis, for appellant.

Kristie Lynn Green, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Defendant Ollie Williams was found guilty of burglarizing the home of his half-brother Allen Henderson. Defendant was then serving a prior prison sentence but had been given a 48 hour leave from a rehabilitation center.

Evidence of guilt was conclusive. The trial court sentenced defendant as a prior offender to 15 years in prison.

■ Defendant's sole point: The trial court erred in denying a mistrial. This on the ground a state's witness had voluntarily said she had given defendant eight dollars while he was confined in the workhouse, thereby implying he was then confined for another crime.

This implication is tenuous. The witness was defendant's and the victim's mother. She had testified to the sons' cordial relation and when asked if the victim had ever loaned defendant money she answered:

"Yeah. He gave him eight dollars before he went back to where he did this burglary, and he give me money to take to the workhouse for him."

Without stating his ground defense counsel asked for a mistrial because the answer was "highly prejudicial and inflamatory". The trial court denied this relief.

Defendant's version of this is that the mother's answer implied defendant was then incarcerated for another crime. The mother's reference to "this burglary" could just as readily have been interpreted by the jury as the burglary charge for which defendant was on trial and not a reference to a prior burglary conviction. Even accepting defendant's tenuous interpretation we find no error in the trial court's denial of a mistrial.

 When as here a witness unexpectedly volunteers inadmissible information the action called for rests in the trial court's discretion. *State v. Walker*, 531 S.W.2d 55 [1–3] (Mo.App.1975). *State v. Williams*, 573 S.W.2d 75 [3] (Mo.App.1978). We find no error here.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.