STATE of Missouri, Respondent,

v.

**Myron M. PRICE, Appellant.**

**No. WD 41931.**

Missouri Court of Appeals,
Western District.

Jan. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 27, 1990.

Application to Transfer Denied
May 15, 1990.

David S. Durbin, Appellate Defender, Anthony C. Cardarella, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

GAITAN, Judge.

Defendant, Myron M. Price, was convicted by a jury of stealing, in violation of § 570.030 RSMo 1986, and received a sentence of two years. The defendant appeals his conviction, contending that the trial court erred in: (1) overruling defendant's motion to dismiss because of the prosecution's promise not to file the charge of stealing in return for the defendant's guilty plea in an earlier, unrelated case; (2) denying defendant's challenge for cause of a venireperson who knew two of the prosecution's witnesses; and (3) overruling defendant's motion for mistrial when a witness for the prosecution testified that the police had been looking for the defendant and that the defendant had a parole officer,

thereby eliciting evidence of other crimes. Judgment affirmed.

From February to July of 1988, the defendant, Myron Price, resided at the Kansas City home of his cousin, Marilyn Pleasure, and her husband, Oliver. On July 16, 1988, while in the defendant's bedroom, Mrs. Pleasure discovered an empty jewelry box, cardboard coin holders, and a ring case devoid of contents. She recognized these items, previously containing rings and coins, as belonging to her husband, and normally stored in a locked office on the second floor of the Pleasure residence. A search of the office by Mrs. Pleasure revealed that the frame around the door had been pried, the door was unlocked, and a portion of Oliver Pleasure's coin collection was missing.

That same day, Marilyn Pleasure confronted the defendant about the missing jewelry and coins. The defendant admitted to Mrs. Pleasure that he took the coins but denied taking any of the rings. Concerned about her husband's reaction, Mrs. Pleasure waited to inform him of the theft until July 18.

When told of the theft, Oliver Pleasure discovered missing from the office the following items: coins valued at approximately seven hundred dollars; three rings with a combined value of $1,885; and three rings, without sets or mounts, with a total value of $1,125. Mr. Pleasure reported the theft to the Kansas City Police Department on July 19.

The police located the defendant on July 21. After signing a written waiver of his *Miranda* rights, the defendant admitted stealing the coins and selling them at the Coin Mart at 3911 Broadway in Kansas City, Missouri. He denied stealing any rings. The defendant's confession was typed into a statement which the defendant signed.

### A.

In his first point, the defendant contends that the trial court erred in overruling the defendant's motion to dismiss because of the prosecution's promise not to file the stealing charge in return for the defendant's guilty plea in an earlier, unrelated case; that the prosecution's alleged breach of its promise and testimony given in detrimental reliance on that promise, deprived the defendant of his right to due process. We disagree.

On August 17, 1988, the defendant entered in to a plea agreement with the Jackson County Prosecutor's Office regarding a charge of burglary, committed on July 5, 1988. No written documentation of the agreement was provided to this Court. However the transcript of the guilty plea proceeding discloses the following facts. At the onset of the proceeding, the prosecutor stated to the trial judge that in exchange for the defendant's plea of guilty to burglary in the second degree and his cooperation in revealing where he sold the coins that he stole from Oliver Pleasure, the prosecution agreed to request a two year sentence, dismiss a second count, stealing, and not to file a stealing charge in the Pleasure case. The prosecutor told the trial judge that if the defendant did not reveal the disposition of the coins, he would file the stealing charge.

During examination by defense counsel, the defendant stated that he sold the coins at a coin shop on "30 something and Broadway." When asked if he had also sold any rings there, the defendant indicated that he hadn't had any rings, only the coins. At this point, defense counsel acknowledged that a problem existed with the defendant's responses. The following discussion took place:

MR. GIPSON: Well, we've got a problem.

THE COURT: They don't want to accept his story?

MR. GIPSON: Well, the prosecutor insists there were some rings taken, and Mr. Price isn't prepared to tell what he did with the rings.

MR. BEDNAR: This would just affect disposition on the unfiled case.

THE COURT: Well, I know, but it might make a difference to him.

MR. BEDNAR: Right.

THE COURT: They aren't satisfied with your story. The information is there were some rings, so they are not offering to dismiss the other case until they've checked that out further, I mean, not to dismiss it. I mean, they're not agreeing not to file it. Would you still want to go ahead with this plea or would you rather withdraw it?

DEFENDANT PRICE: I want to go on with the plea.

THE COURT: Even though you may know they may file the other case?

DEFENDANT PRICE: How much time would I be looking at then?

MR. GIPSON: You would probably be looking at a stealing charge.

MR. BEDNAR: Right, one day to one year or one year to seven.

MR. GIPSON: Unless you're prepared to give more information at that time about the rings.

MR. PRICE: The only thing I took was the coins. You can ask the detective on my statement what I said. There was nothing about no rings.

MR. GIPSON: Well, you have to understand that they'll go ahead and give you the two years concurrent on this charge, with their year but they may file this other case because there's a dispute about whether there were rings stolen.

Do you understand that?

DEFENDANT PRICE: Yup. Wouldn't want to go on with the plea then.

THE COURT: You what?

DEFENDANT PRICE: That's just like he can just be saying I took his rings, because we don't get along.

MR. GIPSON: We don't know about that, but that's the position the prosecutors are taking.

THE COURT: Well, where you are now is you can go ahead and take this plea without any promise that the other charge won't be filed, or you can say you don't want the plea since they are not promising you not to file any other charge. Whichever way you want to go is fine with everybody.

What do you want to do?

DEFENDANT PRICE: I'll take the plea.

THE COURT: All right. Go ahead.

Prior to the trial judge accepting the defendant's plea of guilty, the prosecutor reiterated to defendant Price that he was going to file charges against him in the theft of coins and jewelry from Oliver Pleasure, and once again suggested to the defendant that he might wish to withdraw his plea. The defendant stated unequivocally, "I'll stay with the plea." The trial judge found defendant Price's plea voluntary and sentenced him to a term of two years.

■ While a defendant has no constitutional right to a plea bargain, *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977), during negotiations he is entitled to presuppose fairness in the agreement. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262, 92 S.Ct. at 499.

■ In *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), the Supreme Court narrowed the fairness guarantee and the extent to which contract law standards apply to plea agreements. The Court in *Mabry* held that a "plea agreement standing alone is without constitutional significance." *Id.* at 507, 104 S.Ct. at 2546. Unless a plea agreement impaired the voluntariness or intelligence of a guilty plea, the defendant has no constitutional right to have the plea bargain specifically enforced. *Id.* at 510, 104 S.Ct. at 2548; *e.g., United States v. Coon*, 805 F.2d 822, 824 (8th Cir.1986). The Court further found that the question of whether a prosecutor was negligent or otherwise culpable in first making and then withdrawing an offer was not relevant to a due process argument. "The Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons

are deprived of their liberty." *Mabry v. Johnson*, 467 U.S. at 511, 104 S.Ct. at 2548.

■ The record shows that although the prosecutor stated to the trial judge that the plea agreement was contingent on the defendant's testimony as to the disposition of the *coins*, both the prosecution and defense understood the plea agreement to encompass both the coins and jewelry stolen from the Pleasure residence. While this court cannot condone the apparently imprecise and lax manner in which the prosecutor described the plea agreement to the trial judge, neither can we find that the prosecution breached the actual plea agreement discussed between the parties. A prosecutor may withdraw from a plea agreement when the defendant does not comply with his part of the bargain. *Stokes v. State*, 688 S.W.2d 19 (Mo.App.1985).

The defendant, when informed that the prosecution found his testimony unsatisfactory, was given an opportunity by the trial court to withdraw his plea. In two, separate and lengthy explanations by both the trial court and the prosecution, he was advised that he would face a stealing charge in relation to the Pleasure theft. Defendant Price chose to maintain his plea of guilty. Even if the prosecution acted in bad faith, any prejudice was cured by the trial court's offer to withdraw the plea. The defendant was not ultimately induced to plead guilty by the prosecution's withdrawn offer. Rather the record shows that the defendant made an informed choice; he entered a plea of guilty that was both voluntary and intelligent. Therefore, defendant's due process argument inherently fails.

■ The defendant argues that his testimony given at the proceeding, in which he admitted stealing the coins, was made in detrimental reliance of the prosecution's offer. The statements made by a defendant in an offer to plead guilty, in the plea agreement, or made in the course of plea negotiations when no plea of guilty is entered, or if entered, withdrawn, are inadmissible in both criminal and civil proceedings. Mo.R.Crim.P. 24.02(d)(5). The exception is that statements made by the defendant, under oath, on the record, and in the presence of counsel, may be admissible in a criminal proceeding for perjury or false statement. *Id.* It is upon this exception that defendant bases his argument of detrimental reliance. We find this contention without merit.

The Missouri rule is analogous to Fed.R. Crim.P. 11(e)(6)(D), which is identical to Rule 410 of the Federal Rules of Evidence. It is clear from the legislative history of both these rules that while unrestrained candor is encouraged to permit effective plea discussions and agreements, to permit a defendant to commit perjury while sworn under oath, would be to allow the defendant to lie with impunity, and thus is manifestly unfair. With this limited exception to the rule of admissibility, such an injustice is prevented. *See* Fed.R.Crim.P. 11, Note of Advisory Committee on Rules, 1979 amendment; Fed.R. of Evid. 410, Historical Note.

We find no detrimental reliance occurred when defendant Price told the truth while sworn under oath, for the obligation to tell the truth exists for all who take the oath, and is neither created or obliviated by any inducement. Without this foundational concept, our system of jurisprudence would fail. Furthermore, the only change that can be considered detrimental reliance is the actual entry of an involuntary guilty plea. Not until that point has the defendant been deprived of any constitutionally protected liberty. *Mabry v. Johnson*, 467 U.S. at 504–05, 104 S.Ct. at 2544–45. It is significant that defendant Price pled guilty *after* he was informed that the prosecution had withdrawn its offer. The defendant clearly understood that the plea agreement was no longer in effect; his plea was both voluntary and intelligent.

If defendant Price had chosen to withdraw his plea of guilty, he could have gone to trial without fear that his admission during an aborted proceeding could have been used against him. He instead chose to voluntarily and intelligently plead guilty to the burglary charge after the prosecution withdrew its offer. Whereas there

was no violation of defendant's right to due process and specific performance is not applicable, the trial court correctly denied defendant's motion to dismiss the stealing charge in the Pleasure theft. Point denied.

### B.

■ Defendant next contends that the trial court erred in denying his motion to strike for cause venireperson Betty Washington. During voir dire, Washington said that she thought she had gone to school with Oliver and Marilyn Pleasure, had worked with Mr. Pleasure, and had known his grandmother. Defendant argues that failure to excuse venireperson Washington was reversible error because he was denied his right to a full panel of qualified jurors from which to exercise his peremptory challenges. The State responds that Washington unequivocally indicated her willingness and ability to weigh the evidence; to be fair and impartial. Thus any personal knowledge of the Olivers did not serve to automatically disqualify Washington. We agree.

■ An accused must be afforded a full panel of qualified jurors before he is required to expend his peremptory challenges. A denial by the trial court of a legitimate request to excuse for cause a partial or prejudicial venireperson constitutes reversible error. *State v. Stewart,* 692 S.W.2d 295, 298 (Mo. banc 1985). In ruling on a challenge for cause, the trial court has wide discretion in evaluating the juror's qualifications, and its ruling will not be disturbed in the absence of a clear abuse of discretion. *State v. Owens,* 759 S.W.2d 73, 76 (Mo.App.1988).

By itself, venireperson Washington's personal knowledge of the prosecution's witnesses was insufficient to disqualify her unless she demonstrated actual bias toward the defendant. *State v. Johnson,* 721 S.W.2d 23, 31 (Mo.App.1986). As the trial court is in a better position to evaluate and interpret answers of the venireperson, this Court defers to the trial court when a decision rests on the demeanor and answers of the venireperson. *State v. Murphy,* 739 S.W.2d 565, 569 (Mo.App.1987);

*State v. Young,* 701 S.W.2d 490, 496 (Mo. App.1985). We fail to find that the trial court abused its discretion and believe that Washington's unequivocable assertion that she could be fair and impartial was sufficient reason for the trial court to reject defendant's motion to excuse her for cause. *See State v. Holt,* 758 S.W.2d 182, 187 (Mo.App.1988); *State v. Leipus,* 675 S.W.2d 896, 899 (Mo.App.1984).

■ The defendant suggests that the trial court should have conducted an independent examination of Washington to determine if she was biased. The trial court may have a duty to independently examine the qualifications of a potential juror. However, this duty arises only when the venireperson gives an equivocal or uncertain answer concerning his or her ability to hear the evidence and adjudge the cause without bias or prejudice. *State v. Clemmons,* 753 S.W.2d 901, 907 (Mo. banc 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988); *State v. Draper,* 675 S.W.2d 863, 865 (Mo. banc 1984). Washington's answers were unequivocal; therefore, the trial court had no duty to make an independent inquiry into her qualifications. Point denied.

### C.

■ In defendant's final point on appeal, he contends that the trial court erred in overruling his motion for a mistrial when testimony by the prosecution's witness, Oliver Pleasure, implied that the defendant was involved in offenses other than that for which he was on trial.

The first incident occurred during direct examination by the prosecution. When asked why he had demanded that his wife tell defendant Price to leave their home, Mr. Pleasure responded, "Because I had police come into my home two or three times a week looking for him." Defendant's counsel immediately requested a mistrial which was overruled by the trial court. The trial court instructed the prosecutor to leave the subject alone. Defense counsel then asked that a cautionary instruction be given. However, the record indicates that after further discussion, both

defense counsel and the trial court agreed that such an instruction would emphasize the remark; therefore, no cautionary instruction was given.

The second incident occurred during cross-examination. When asked by defendant's counsel why he believed defendant Price did not have a job, Oliver Pleasure stated, "My wife says he had a job. The parole officer came by and said he wasn't working, so I don't know whether he was working or not." Once again, defendant's counsel requested a mistrial. The trial court overruled the motion, asserting that the answer was invited error.

The declaration of a mistrial is a drastic remedy that should be employed only in the most extraordinary of circumstances. *State v. Sidebottom*, 753 S.W.2d 915, 919 (Mo. banc 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). The declaration of a mistrial rests largely in the discretion of the trial court because the trial court is in a better position than an appellate court to determine the prejudicial effect, if any, the statement had on the jury. *State v. Anderson*, 698 S.W.2d 849, 852 (Mo. banc 1985). When a witness unexpectedly volunteers inadmissible information, the action called for rests in the trial court's discretion. *State v. Williams*, 660 S.W.2d 360, 361 (Mo.App.1983). Our review is limited to determining if the trial court abused its discretion. *State v. Trice*, 747 S.W.2d 243, 247 (Mo.App.1988).

We find no abuse of discretion. In both instances, the remarks were vague, indefinite, and did not make reference to a specific crime. *See State v. Ianniello*, 671 S.W.2d 298, 302 (Mo.App.1984). Vague references to uncharged offenses lack sufficient prejudice to warrant a mistrial. *State v. Sanders*, 761 S.W.2d 191, 192 (Mo.App. 1988). There is no evidence that the prosecution consciously attempted to interject prejudicial inferences through Mr. Oliver's testimony. The remarks were not emphasized by the prosecution. *State v. Crawford*, 619 S.W.2d 735, 740 (Mo.App.1981); *State v. Hill*, 614 S.W.2d 744, 752 (Mo.App. 1981). In the incident of inadmissible testimony during cross-examination, the defendant's counsel pursued a matter which elicited the remark by Mr. Oliver, and has no grounds to demand a mistrial. *See State v. Miller*, 680 S.W.2d 253, 255 (Mo.App.1984); *State v. Sanner*, 655 S.W.2d 868, 880 (Mo. App.1983). Furthermore, error may be disregarded as harmless where the evidence of guilt is strong. *State v. Sykes*, 628 S.W.2d 653, 657 (Mo.1982). During the trial, defendant's counsel conceded that the defendant stole the coins. The issues were whether the defendant stole the rings and appropriate punishment. No manifest injustice resulted from the witness' two voluntary and vague comments. Point denied. Judgment affirmed.

All concur.