**STATE of Missouri, Respondent,**

v.

**Richard L. BRASHER, Appellant.**

**No. WD 45895.**

Missouri Court of Appeals,
Western District.

Oct. 26, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1993.

Application to Transfer Denied
Jan. 25, 1994.

Lorry L. Kohrs, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and ELLIS, JJ.

LOWENSTEIN, Judge.

Defendant Richard Brasher (Brasher) was convicted by a jury of one count of forcible rape, § 566.030 RSMo 1986, two counts of deviate sexual assault in the first degree, § 566.070 RSMo 1986 and sexual abuse in the second degree § 566.110 RSMo 1986. The victim of these offenses was Brasher's daughter (victim). Brasher was sentenced to consecutive sentences of nine, seven, and seven years imprisonment for rape and two counts of sexual assault in the first degree, and a concurrent one year sentence for sexual abuse in the second degree. In this consolidated appeal, Brasher attacks: (1) the trial court's decision to exclude certain evidence; (2) the court's failure to grant a mistrial; (3) the court's denial of his Rule 29.15 motion for post-conviction relief based on ineffective assistance of counsel due to counsel's failure to object to a statement made by the State during closing arguments; and, (4) the use of MAI–Cr3d 302.04 defining "reasonable doubt."

This court views the evidence most favorable to the verdict. *State v. Brown,* 660 S.W.2d 694, 699 (Mo. banc 1983). The facts are as follows: The victim was sixteen years old at the time of trial. At the time of the incidents of rape and sexual abuse she lived with her parents Richard and Lois Brasher and two brothers. The victim stated she had been subjected to sexual abuse by her father from the time she was seven years old until July, 1990. She relayed incidents of sexual intercourse, oral sex, and the placement of foreign objects in her, all of which were

performed on her by her father. She testified that her father inserted the foreign objects in her when she was thirteen years old. The oral sex occurred in either March or April, 1990, and again later that year. The sexual intercourse occurred in either June or July, 1990 (exact times and dates could not be recalled).

The victim told her boyfriend D.H. about the sexual abuse, and subsequently told her friend D.B. about the incidents. Upon D.B.'s urging, the victim contacted her school counselor in September, 1990 to get help. The counselor called the child abuse hotline to report the incidents.

Later that same day Officer Olmstead, of the Independence police department, interviewed the victim at D.B.'s home where the victim recounted a recent incident of sexual abuse. She was then taken to the hospital and examined by Dr. James Kelly, a specialist in pediatric emergency and sexual assault. Dr. Kelly concluded she had been sexually molested based on her case history (her statements to the doctor), and a physical examination. Brasher was subsequently questioned by Detective Rast and denied allegations of sex abuse.

At trial, the state filed a motion in limine to prevent defense counsel from mentioning the victim's boyfriend was African–American. The Brashers are white. Defense counsel wished to introduce this evidence to show a conflict between the victim and her father to indicate a motive for fabricating the charges. The court granted the motion in limine.

■ Defense counsel wished to cross-examine the victim about this issue, regarding her boyfriend's race, for the purpose of impeachment to show there were problems in the family because he was a different race which indicated a motive for lying. The trial court ruled that evidence could be introduced regarding her having a boyfriend and a conflict between the victim and her father caused by that relationship. The trial court held, however, defense counsel could not introduce evidence that he was African–American because it was not relevant. Review of this issue is to determine whether there has been an abuse of discretion. *State v. Morgan,* 592 S.W.2d 796, 802 (Mo. banc 1980).

■ The Confrontation Clause of the Sixth Amendment guarantees the right of a defendant to an opportunity for effective cross-examination of a witness against him in state as well as federal criminal proceedings. *Delaware v. Van Arsdall,* 475 U.S. 673, 677, 106 S.Ct. 1431, 1434, 89 L.Ed.2d 674 (1986). However, the right to an opportunity for effective cross-examination is not the right to "cross-examination that is effective in whatever way, and to whatever extent the defense might wish." *Id.* at 679, 106 S.Ct. at 1435 (*citing Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985)); *State v. Dunn,* 817 S.W.2d 241, 244 (Mo. banc 1991), *cert denied* —— U.S. ——, 112 S.Ct. 1689, 118 L.Ed.2d 403 (1992). The trial judge may impose reasonable limitation on cross-examination including defense counsel's inquiry into the area of bias. *Van Arsdall,* 475 U.S. at 679, 106 S.Ct. at 1435; *Dunn* at 245; *State v. Hedrick,* 797 S.W.2d 823, 827–8 (Mo.App.1990). This court noted in *Hedrick* that "it is one thing though to call a halt to overextended, irrelevant, or repetitive cross-examination which is within the trial court's discretion and quite another to rule off limits an entire area of inquiry which has a bearing upon the witness' veracity." *Hedrick,* 797 S.W.2d at 828; *See also State v. Lampley,* 859 S.W.2d 909 (Mo.App.E.D.1993).

■ This case is distinguishable from *Hedrick* where the trial court ruled off limits any evidence regarding a long history of conflict among the father, the victim's mother, custodial parent and defendant's mother with respect to the victim's custody, support and visitation. Similarly, it is distinguishable from *Lampley,* where the court foreclosed all evidence of a similar past complaint of sexual abuse and the results thereof, which counsel wished to introduce into evidence, to indicate a motive for the victim to fabricate her statements. In the present case only, the questions regarding the victim's boyfriend's race were ruled off limits. The ruling defense counsel could have made inquiry regarding the existence of a boyfriend, and any conflict arising from Brasher's opposition to the relationship to indicate the victim had a motive to fabricate her statement. Counsel, howev-

er, chose not to make *any* inquiry regarding problems arising from the victim's relationship with D.H. as it was related to her father. *See State v. Foster,* 854 S.W.2d 1 (Mo.App. 1993). The court holds there was no error in limiting the scope of cross-examination and, in fact, recognizes the most fair way the trial court handled and ruled on this issue. Appellant's first point is denied.

The second point on appeal is the trial court's failure to call a mistrial, either after statements made by the examining physician or after an aborted question by the assistant prosecutor. The two statements objected to were: (1) Dr. Kelly, the pediatrician who examined the victim in November 1990, voluntarily stated that in his opinion, based on his examination of the victim and her history (ie. oral statements made to him) the victim "had some form of molestation by her father;" and, (2) an aborted question by the assistant prosecutor, "If [the victim] told you that she had last had sexual intercourse with her father in July of 1990—", which was objected to and sustained. In response to both statements the court issued a corrective statement to the jury per defense counsel's request.

Review is based on an abuse of discretion. *State v. Davis,* 825 S.W.2d 948, 952–3 (Mo.App.1992); *State v. Price,* 787 S.W.2d 296, 302 (Mo.App.1991). The declaration of a mistrial is a drastic remedy that is to be employed only in the most extraordinary of circumstances. *Davis,* 825 S.W.2d at 952. A court's refusal to declare a mistrial is based on its discretion since the trial court is in the best position to determine the effect of the remark and what measures, if any, might be necessary to cure the effect. *Price,* 787 S.W.2d at 302 (citing *State v. Anderson,* 698 S.W.2d 849, 852 (Mo. banc 1985)).

The statement by Dr. Kelly was the sort of situation which "frequently happen[s] when a witness unexpectedly volunteers some inadmissible statement." *State v. Walker,* 531 S.W.2d 55, 57 (Mo.App.1975). There is no evidence that "the prosecution consciously attempted to interject prejudicial inferences" in Dr. Kelly's statements. *Price,* 787 S.W.2d at 302. The prosecution was asking the doctor if through his examination

he could determine whether the victim had sexual intercourse before. The doctor responded that, in his opinion, the victim had some form of molestation by her father. The statement was an isolated incident which was not emphasized or magnified by the prosecution. *Walker,* 531 S.W.2d at 57; *Price,* 787 S.W.2d at 302; *Camillo v. State,* 757 S.W.2d 234, 241 (Mo.App.1988). Furthermore, the judge instructed the jury to ignore the reference to the perpetrator of the sexual abuse, per defense's request after denying a motion for mistrial. The jury is presumed to have followed a trial court's instruction in the absence of a showing to the contrary. *State v. Williamson,* 836 S.W.2d 70, 73 (Mo.App. 1992). It was not erroneous to fail to call for a mistrial where the statement was slipped in unintentionally, where the trial judge promptly and explicitly instructed the jury that the improper statements were to be disregarded, and where the statement was not further mentioned. *Walker,* 531 S.W.2d at 57.

The second half of this point, regarding the prosecutor's aborted question put to the doctor, was also not cause for the granting of a mistrial. The court again sustained defense counsel's objection to the identity of the perpetrator. No additional relief was requested. Where the court grants all the relief requested at trial, the defendant is not allowed to argue on appeal that additional relief should have been granted. *State v. Corpier,* 793 S.W.2d 430, 444 (Mo.App.1990). The court assumes since all the corrective relief requested was granted the action taken by the trial court was adequate. *Id.* Moreover, there is no error where the question was not answered. The objection is sustained and the jury instructed not to consider unanswered questions. *State v. Williamson,* 836 S.W.2d at 73. There was no abuse of discretion by the trial court for its denial of the motion for a mistrial. The second point on appeal is denied.

Brasher's third point on appeal is the court erred by denying Brasher's Rule 29.15 motion for post conviction relief without granting a hearing due to ineffective assistance of counsel. Brasher asserts that coun-

sel was ineffective because trial counsel did not object during the State's closing argument to references regarding uncharged prior incidence of sexual acts committed by Brasher. Review of a motion court's decision in a Rule 29.15 proceeding is limited to a determination of whether the findings of facts and conclusions of law are clearly erroneous. *Leisure v. State,* 828 S.W.2d 872, 874 (Mo. banc 1992), *cert denied* —— U.S. ——, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992); Rule 29.15. Findings and conclusions are clearly erroneous if, after review, the appellate court is left with a definite and firm impression that a mistake has been made. *State v. Schaal,* 806 S.W.2d 659, 667 (Mo. banc 1991), *cert denied* —— U.S. ——, 112 S.Ct. 976, 117 L.Ed.2d 140 (1992). To obtain a hearing the following three requirements must be met: 1) the motion must allege facts, not conclusions, warranting relief; 2) the facts alleged must raise matters not refuted by the files and records in the case; and, 3) the matters complained of must have resulted in prejudice to the movant. *State v. Starks,* 856 S.W.2d 334, 336 (Mo. banc 1993).

In order to show ineffective assistance of counsel, the movant must show: 1) that his attorney failed to conform to the degree of skill, care and diligence of a reasonably competent attorney under similar circumstances; and, 2) such failure resulted in prejudice to appellant. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prove prejudice from counsel's conduct, it must be shown "that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding ... and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693, 104 S.Ct. at 2067. Brasher asserts ineffective assistance of counsel based on his trial counsel's failure to object to the victim's testimony that her father began to abuse her when she was seven years old, and her failure to object to the same information repeated during closing argument, including the state-

ment that for "more than half of her life [the victim] had been spent as the sexual object of her father," arguing this was evidence of uncharged crimes. Generally, "decisions concerning whether or when to make objections at trial are left to the judgment of counsel." *Lewis v. State,* 767 S.W.2d 49 (Mo. App.1989) (citing *Coleman v. State,* 621 S.W.2d 357, 360 (Mo.App.1981)). Appellate courts will not review or reassess the judgment of trial counsel on questions of strategy, trial tactics or trial decisions. *Green v. State,* 575 S.W.2d 868, 869 (Mo.App.1978). This court need not determine whether the counsel's performance was deficient before examining whether prejudice was suffered by the appellant due to the alleged error. *Washington,* 466 U.S. at 697, 104 S.Ct. at 2069. In light of all the evidence before the jury, the failure to object to the evidence does not amount to ineffective counsel. There is no evidence of prejudice caused by admission of the statements. The record indicates that Brasher had effective counsel at trial. The third point on appeal is denied.

Brasher's final point on appeal is the trial court's submission of jury instruction MAI–Cr3d 302.04, defining proof beyond a reasonable doubt as that which leaves one "firmly convinced." Brasher appeals the use of this instruction as violating his right to due process under the Fifth and Fourteenth Amendments of the United States Constitution and under the Missouri Constitution. He contends MAI–Cr3d 302.04 impermissibly lowers the reasonable doubt standard. The Missouri Supreme Court has held the reasonable doubt instruction to be appropriate and that it does not improperly lower the state's burden of proof. *State v. Griffin,* 848 S.W.2d 464, 469 (Mo. banc 1993), cert. denied 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), *reaff'g State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987). Furthermore, where there is an applicable MAI instruction, it must be given to the exclusion of any other instruction. *State v. Middleton,* 854 S.W.2d 504, 517 (Mo.App.1993) (citing *State v. Rogers,* 825 S.W.2d 49, 54 (Mo.App.1992)). Since there was an appropriate MAI instruction and the Missouri Supreme Court held it does

not violate the Constitution, no error occurred. Appellant's fourth point is denied.

The judgments are affirmed.

All concur.