

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110585 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 20SL-CR00255-01 |
| | ) | |
| LERON ROBINSON, | ) | Honorable Ellen H. Ribaudo |
| | ) | |
| Appellant. | ) | Filed: July 18, 2023 |

Kelly C. Broniec, C.J., Philip M. Hess, J., and James M. Dowd, J.

## OPINION

Appellant Leron Robinson appeals his convictions following a jury verdict for statutory sodomy in the first degree and two counts of child molestation in the first-degree for which he was sentenced to concurrent prison terms of twenty-five years, fifteen years, and ten years.

Robinson's first three claims relate to evidentiary rulings by the trial court which Robinson claims were erroneous and prejudiced his ability to present to the jury his theory of defense that the victim, A.R., fabricated the allegations against him. Specifically, Robinson claims the trial court erred by precluding him from adducing on cross-examination of A.R. that for years she "brushed" off and "avoided" answering her long-time therapist's questions whether she had ever been sexually molested. In Robinson's second and third points, he claims the trial court erred by precluding him from adducing evidence through the cross examination of A.R. and A.R.'s mother (Mother) that A.R.'s motive to fabricate the allegations was related to A.R.'s

sexual orientation which, Robinson claims, caused a serious quarrel between A.R. and Mother just before A.R. came forward with her allegations of sexual abuse against Robinson. Robinson sought to have the jury infer that A.R. fabricated those allegations in order to rectify her estrangement from Mother.

We are unpersuaded because the trial court exercised its considerable discretion with regard to these evidentiary questions by striking a balance which gave Robinson ample opportunity to pursue his fabrication defense through cross-examination of A.R. and of Mother, while also placing certain reasonable limitations on what the jury heard. *State v. Brasher*, 867 S.W.2d 565, 569 (Mo. App. W.D. 1993)

In his fourth and fifth points, Robinson relies on *State v. Jackson*, 433 S.W.3d 390, 392 (Mo. banc 2014) and *State v. Farr*, 611 S.W.3d 878, 882 (Mo. App. S.D. 2020) for his argument that the court plainly erred when it refused to instruct down from the two *first*-degree child molestation counts by submitting the lesser included offense instructions for *second*-degree child molestation. We need not reach these claims of error because we exercise our discretion to deny Robinson plain error review and affirm the convictions because Robinson failed to establish that manifest injustice resulted. *State v. Brandolese*, 601 S.W.3d 519, 532 (Mo. banc 2020).

## Background

A.R. testified to multiple instances of sexual abuse by Robinson, her uncle, both in Michigan and at her grandmother's house in Missouri when she was between the ages of ten and twelve. The State submitted to the jury three of those crimes, each of which occurred between April 1, 2009 and April 1, 2013.

The jury instruction for Count I (first-degree statutory sodomy) submitted that Robinson committed deviate sexual intercourse by knowingly placing his mouth on the genitals of A.R.

2

This count was based on A.R.'s testimony that Robinson did this to her at her grandmother's house when she was twelve years old. Count II (first-degree child molestation), which submitted that Robinson touched A.R. with his genitals through her clothing, was based on A.R.'s testimony regarding an incident that occurred at her grandmother's house when she was twelve years old. Count III (first-degree child molestation), which submitted that Robinson touched A.R.'s breasts through her clothing, was based on A.R.'s testimony that this incident again occurred when she was twelve years old while staying at her grandmother's house.

In 2011, while the abuse was ongoing and due to A.R.'s behavioral issues at school, she began seeing a therapist. A.R. did not inform her therapist about the sexual abuse until February 2019. About three months before this disclosure, Mother expelled A.R. from the home after the two argued at a restaurant. Then, after A.R. disclosed the abuse to her therapist and to Mother, A.R.'s relationship with Mother improved and A.R. moved back home. During trial, Robinson sought to demonstrate that A.R. had fabricated the allegations against him based on (1) A.R.'s years-long failure to disclose the abuse to her therapist and (2) that A.R.'s sexual orientation drove the rift between A.R. and Mother which only resolved after A.R. came forward with her allegations against Robinson.

The trial court allowed Robinson to adduce evidence of A.R.'s sexual orientation, A.R.'s arguments with Mother, and that Mother expelled A.R. from the home near the time A.R. came forward with her accusations. The court did not, however, allow Robinson to ask A.R. whether she ever denied being molested in light of her testimony that "she never denied the abuse, she just never answered those questions from her therapist." The trial court also precluded Robinson from asking Mother about her personal negative beliefs regarding A.R.'s sexual orientation and

3

from arguing in his opening statement that Mother's disapproval of A.R.'s sexual orientation caused A.R. to come forward with fabricated allegations against Robinson. This appeal follows.

## Standard of Review

The trial court is vested with broad discretion in the admission or exclusion of evidence. *State v. Walker*, 318 S.W.3d 789, 791 (Mo. App. E.D. 2010). "We review the trial court's decisions regarding the admission or exclusion of evidence for abuse of discretion" that results in prejudice to the defendant. *State v. White*, 385 S.W.2d 942, 947 (Mo. App. E.D. 1992). A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicates a lack of careful consideration. *State v. Mabry*, 285 S.W.3d 780, 785 (Mo. App. E.D. 2009).

We may consider unpreserved errors under our plain error standard of review. *See State v. Speed*, 551 S.W.3d 94, 98 (Mo. App. W.D. 2018) (citing *State v. Taylor*, 466 S.W.3d 521, 533 (Mo. banc 2015)); Rule 30.20 ("Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."). Rule 30.20 is the exclusive means by which an appellant can seek review of any unpreserved claim of error and said claim—no matter if it is statutory, constitutional, structural, or of some other origin—is evaluated by this Court's plain error framework without exception. *Brandolese*, 601 S.W.3d at 530.

Review for plain error involves a two-step process. The first step requires a determination of whether the claim of error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted.'" *State v. Baumruk*, 280 S.W.3d 600, 607 (quoting *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995)) (internal citation omitted); Rule 30.20. All prejudicial error, however, is not plain error, and "[p]lain errors are

those which are 'evident, obvious, and clear.'" *Baumruk*, 280 S.W.3d at 607 (quoting *State v. Scurlock*, 998 S.W.2d 578, 586 (Mo. App. W.D. 1999)) (internal citation omitted). If plain error is found, the court then must proceed to the second step and determine "whether the claimed error resulted in manifest injustice or a miscarriage of justice." *Id.*

## Discussion

Robinson's first three points relate to his claim that certain limitations the trial court placed on his cross examination of A.R. and Mother erroneously restricted Robinson's ability to fully present to the jury his defense that A.R. had fabricated the allegations against him.

## Point I

Point I[1] relates to A.R.'s years-long non-disclosure to her therapist of Robinson's abuse from which Robinson sought to have the jury infer that the abuse did not occur and that A.R. fabricated the allegations. The trial court precluded Robinson from asking A.R. whether she denied to her therapist that she had been molested because A.R. had already testified to the jury that she never denied being molested, but just avoided answering that question. The court permitted Robinson to extensively cross-examine A.R. about her conversations with the therapist.

The trial court is vested with broad discretion to admit or exclude evidence at trial. *State v. Perkins*, 656 S.W.3d 285, 294 (Mo. App. E.D. 2022). Defendants in sexual assault cases are

---

[1] We review Point I for plain error only because the claim raised in Robinson's motion for new trial differs from the claim he raises here. *State v. Clay*, 533 S.W.3d 710, 718 (Mo. banc 2017); *State v. Nickels*, 598 S.W.3d 626, 633 (Mo. App. E.D. 2020). Robinson's complaint in his motion for new trial was that "counsel repeatedly asked A.R. whether she was abused and A.R. consistently denied the abuse." Now on appeal, Robinson asserts that the trial court abused its discretion in refusing to allow A.R.'s testimony that "she 'brushed' off and 'avoided' answering questions from her therapist regarding whether she had been sexually abused." Plain error applies because these claims of error are different.

allowed to introduce evidence demonstrating the prosecuting witness's story is a fabrication. *State v. Taylor,* 588 S.W.3d 632, 637 (Mo. App. W.D. 2019). While the bias of a witness is always relevant, the scope of the evidence used to show bias is within the broad discretion of the trial court. *Perkins,* 656 S.W.3d at 294. On direct appeal, we review the trial court for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Hein,* 553 S.W.3d 893, 896 (Mo. App. E.D. 2018).

Here, Robinson relies for his argument on *State v. Hedrick,* 797 S.W.2d 823 (Mo. App. W.D. 1990) and *State v. Lampley,* 859 S.W.2d 909 (Mo. App. E.D. 1993). In *Hedrick,* the defendant was convicted of first-degree sexual abuse and two counts of sodomy. 797 S.W.2d at 824. He sought to impeach T.H., the victim, with the long history of conflict among himself, his mother, and T.H. regarding T.H.'s custody, child support, and visitation. *Id.* Hedrick argued such evidence would have impeached T.H. by showing her motive to fabricate her allegations. *Id.* The trial court ruled such evidence to be off limits. *Id.* The appellate court reversed the convictions finding the evidence should have been admitted for impeachment purposes. *Id.* at 826, 828.

In *Lampley,* the trial court forbade the defendant from cross-examining the victim about a previous sexual abuse complaint she brought against someone else. 859 S.W.2d at 910. Lampley argued the evidence demonstrated the victim's understanding that she could benefit from alleging sexual abuse in order to get the purported offender removed from her home. *Id.* Further, Lampley sought to show that the victim did not like him, and thus, fabricated the allegations as a way to get him out of her home. *Id.* at 911. The trial court barred such inquiry. *Id.* This Court reversed reasoning that the proffered testimony tended to prove a motive on the part of the victim to fabricate the accusation. *Id* at 910–11.

We find this case to be readily distinguishable from both *Hedrick*, because the trial court here did not "rule off limits an entire area of inquiry which ha[d] a bearing upon the witness's veracity," and *Lampley*, where the trial court "absolutely prevented any inquiry" of a similar past complaint of sexual abuse. *Brasher*, 867 S.W.2d at 568 (quoting *Hedrick*, 797 S.W.2d at 828); *Lampley*, 859 S.W.2d at 911.

Rather, the trial court here struck an appropriate balance. The court gave Robinson ample opportunity to present to the jury his defense that A.R. fabricated the allegations against him. Through his cross-examination of A.R. about her conversations with her therapist, Robinson adduced that A.R. began seeing her therapist when she was around ten years old in 2011 and that she never disclosed the abuse to anyone, including her therapist, until 2019. We fail to see how precluding Robinson from eliciting A.R.'s testimony that she "brushed" off and "avoided" her therapist's questions about the abuse was an abuse of the trial court's considerable discretion in evidentiary questions much less could have resulted in prejudice. *Brasher*, 867 S.W.2d at 568. Since Robinson has failed to demonstrate any error here, his request for plain error review is denied. *Brandolese*, 601 S.W.3d 519 at 526.

## Points II and III

Robinson claims the trial court abused its discretion by excluding certain cross-examination of A.R. and of Mother that sought to establish that A.R.'s sexual orientation was the cause of conflict between them resulting in Mother expelling A.R. from her home. Robinson argued that the exclusion of this evidence prevented him from pursuing his defense theory that Mother's bias against A.R.'s sexual orientation triggered A.R. to fabricate her accusation against Robinson in order to somehow rectify her estrangement from her Mother.

7

As with regard to Point I, the trial court here struck a balance that was well-within its broad discretion on evidentiary questions. *Brasher*, 867 S.W.2d at 568.[2] The court permitted Robinson to adduce through the cross-examination of A.R. (1) that her Mother considered A.R.'s sexual orientation to be a sin, (2) that they disagreed on that subject, (3) that her Mother expelled A.R. from the home after a heated argument that occurred three months before A.R. disclosed Robinson's abuse, and (4) that A.R.'s relationship with her Mother dramatically improved *after* she disclosed Robinson's abuse.

While the trial court may have limited Robinson's ability to prove certain aspects of the role A.R.'s sexual orientation may have played in her relationship with her mother, we find that the trial court's approach struck the right balance which was well within its broad discretion. *State v. Suttles*, 581 S.W.3d 137, 156 (Mo. App. E.D. 2019); *see Brasher*, 867 S.W.2d at 568.

## Points IV and V

In these two points, Robinson claims the trial court plainly erred in refusing to instruct down from the two counts of *first-degree* child molestation by submitting to the jury the lesser included offense instructions for *second-degree* child molestation. While Robinson requested the court give these instructions, our plain error review standards apply because Robinson failed to tender the requested instructions and failed to include these claims in his motion for new trial. Rule 30.20; *State v. Nathan*, 404 S.W.3d 253, 269 (Mo. banc 2013).

At the instruction conference, Robinson argued that the second-degree version of this crime was a "nested" lesser-included offense because the only difference between the two was

---

[2] In *Brasher*, the trial court allowed evidence regarding the conflict between the victim and her father stemming from the victim's relationship with her boyfriend, but then on relevancy grounds disallowed defense counsel from adducing that the boyfriend was African American. 867 S.W.2d at 568. The Court found no error in the trial court's balanced approach. *Id.* at 569.

the age-of-the-victim element with second-degree child molestation applicable when the victim at the time of the crime was under the age of seventeen, section 566.068, and first-degree child molestation which applied when the victim was under the age of fourteen, section 566.067. Robinson relies on *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014) and *State v. Farr*, 611 S.W.3d 878, 882 (Mo. App. S.D. 2020) in support of his argument that as a nested lesser included offense, the second-degree child molestation instructions were required to be given in these circumstances and the trial court erred in refusing to do so. Nevertheless, we need not reach these claims of error because we exercise our discretion to deny Robinson plain error review because he has failed to demonstrate manifest injustice.

In addition to the principles set forth in the "Standard of Review" section above, plain error review is to be used sparingly and is limited to those cases where there is a strong and clear demonstration of manifest injustice or miscarriage of justice. *State v. Madrigal*, 652 S.W.3d 758, 770 (Mo. App. E.D. 2022). Manifest injustice is determined by the facts and circumstances of the case and the defendant bears the burden of establishing it. *State v. Oliver*, 655 S.W.3d 407, 412 (Mo. App. E.D. 2022) (transfer denied).

Robinson relies principally on *State v. Derenzy*, 89 S.W.3d 472 (Mo. banc 2002), in which the Missouri Supreme Court granted plain error review and reversed the defendant's felony conviction for selling $10 of marijuana near a school in violation of section 195.214.1 (2000) for which he was sentenced as a prior offender to ten years in prison. *Id.* at 473–74. The Court held that although the defendant submitted a materially defective proposed instruction on the lesser included offense of possession of marijuana, and therefore failed to preserve any instructional error, the trial court nevertheless committed plain error resulting in manifest

9

injustice by failing to instruct the jury with the *correct* instruction on that lesser included crime. *Id.* at 475.

We find *Derenzy* to be distinguishable from the present case because in *Derenzy* the plain error review resulted in defendant's sole conviction being vacated and a new trial granted. *Id.* Here, were we to grant Robinson plain error review and then reverse his two convictions for first-degree child molestation, he would still be left with his conviction for first-degree statutory sodomy for which he is serving a twenty-five year sentence. Under these circumstances, we decline to exercise our discretion under Rule 30.20 because Robinson has failed to demonstrate manifest injustice.

### Conclusion

For these reasons, we affirm the convictions in this case.

James M. Dowd, Judge

Kelly C. Broniec, C.J., and
Philip M. Hess, J. concur.

10