**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Clifford RUSS, Defendant-Appellant.**

**No. 40819.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 22, 1980.

Robert Babione, Public Defender, John Putzel, Asst. Public Defender, St. Louis, for defendant-appellant.

Paul Robert Otto, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

The defendant, Clifford Russ, appeals from a jury verdict finding him guilty of felonious possession of burglar's tools. § 560.115 RSMo 1969 [now § 569.180 RSMo 1979]. He was sentenced to five years imprisonment.

On Sunday, October 17, 1977 as police officer Clifford Jarvis was driving east on Manchester Road at 12:45 a. m. he saw the defendant standing on a corner across from a closed tavern. There had been a recent history of tavern burglaries in the area. As the officer drove past the defendant he observed the defendant begin walking west. Shortly thereafter the officer made a U-turn and the defendant turned around and started walking east towards Officer Jarvis. The officer stopped his car and approached the defendant on foot. The defendant was a know burglar to the district officers. As he did so, the officer saw two large screwdrivers protruding from the defendant's jacket pocket.[1] Officer Jarvis took the screwdrivers from the defendant and asked him what he was doing with them. The defendant stated that he was working on the power steering of his automobile and that he was on his way to a filling station to get some oil. The policeman radioed for an assist car. When the assist car arrived the policeman interviewed the defendant once more. At this time the defendant said

he was working on the transmission of a friend's car and he was going to the station to get some oil. Whereupon the defendant was placed under arrest.

At trial the state's first witness was Dan Falkler, deputy clerk for the circuit court. He testified from court files concerning three prior felony convictions of the defendant: robbery first degree on June 13, 1972; attempted burglary second degree on October 8, 1976; and burglary second degree on October 8, 1976. Testimony regarding defendant's conviction of robbery first degree was objected to by the defendant on the grounds that it was not relevant to establish defendant's intent to commit burglary. This objection was overruled and the jury returned a verdict of guilty. From this judgment the defendant appeals and claims one point of error. He contends that the conviction of robbery first degree was not relevant to the issue of intent to commit burglary and therefore admission into evidence of the prior robbery conviction prejudiced his right to a fair trial.

Two cases upholding the admissibility of prior unrelated crimes are State v. Medley, 360 Mo. 1032, 232 S.W.2d 519 (1950), cert. denied, 340 U.S. 956, 71 S.Ct. 568, 95 L.Ed. 689 (1951) and State v. Watson, 386 S.W.2d 24 (Mo.1964), appeal dismissed, 381 U.S. 275, 85 S.Ct. 1458, 14 L.Ed.2d 431 (1965). Both cases involved appeals from convictions of possession of burglar's tools. In Medley the prior unrelated convictions admitted were auto theft, grand larceny, receiving stolen property. The Court stated that the evidence of prior convictions for automobile thefts and grand larcenies were illustrative of an intent to steal, an element of the crime of burglary. State v. Medley, supra, 524. In the Watson case, the defendant objected to the admission into evidence of his prior conviction for bank robbery on the grounds that it was not relevant to show intent to use burglar's tools. The Court disagreed holding that a prior robbery is relevant to the element of intent. State v. Watson, supra at 30.

---

1. Officer Jarvis testified that pry instruments such as screwdrivers were used in 20 to 25 percent of all burglaries to which he responded.

We agree with the Court's position in the *Medley* and *Watson* cases that evidence of prior stealing convictions, whether they be grand theft, robbery, larceny or burglary are all relevant and, therefore, admissible on the issue of the intent with which burglar's tools are possessed. We find no error in the Court's admission of this type of evidence. In any event the defendant could not have suffered any prejudice from the admission into evidence of his prior robbery conviction on the issue of burglarious intent. The record is replete with other evidence of such intent including evidence of defendant's reputation as a burglar and prior convictions for attempted burglary and burglary.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.