**STATE of Missouri, Respondent,**

v.

**Ralph THURMAN, Appellant.**

**No. 48600.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 30, 1985.

Motion For Rehearing and/or Transfer to Supreme Court Denied June 5, 1985.

Application to Transfer
Denied Aug. 7, 1985.

Kenny Charles Hulshof, Jackson, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Ralph Thurman, was convicted after a jury trial of two counts of stealing by deceit. He was sentenced as a prior offender to four years' imprisonment on each count to be served consecutively. On appeal he claims (1) the State failed to make a submissible case on the issue of defendant's intent to steal; (2) the court erred in admitting evidence of similar transactions to prove intent; (3) the court erred in allowing the State to use defendant's prior convictions to show intent or common scheme or plan; (4) there was insufficient evidence to support convictions on two separate counts of stealing; and (5) the State was allowed to go beyond the permissible scope of cross-examination of the defendant. We affirm.

Defendant was involved in Majestic Enterprises, Inc., a corporation which printed calendars to sell to community groups. Defendant would approach leaders of community organizations and would offer to print calendars with information which the organizations requested. A sales representative would work with a member of an organization to solicit advertisements from local businesses. The money collected from the sale of ads would be turned over by the community group to Majestic Enterprises. The community group was sup-posed to receive the calendars and be able to sell them to raise funds for the group. The group did not have to make any payments to Majestic Enterprises since the company's source of revenue was the advertisers.

Defendant contacted Jean Welker and Ruth Earlene Burnett in October of 1982 when defendant was sole owner of Majestic Enterprises. Both were leaders of community groups in Cape Girardeau County. Both women entered into agreements with defendant to obtain calendars. Both women worked with a representative from Majestic Enterprises to solicit ads from local businesses. The money was turned over to the company. Both women testified their groups never received any calendars.

■ Defendant first alleges the State failed to make a submissible case on the issue of defendant's intent to steal by deceit. Although not raised in defendant's motion for new trial, *see* Rule 29.11(d), "a contention that the evidence is not sufficient to sustain a conviction will be reviewed under the plain error doctrine." *State v. Maddox*, 549 S.W.2d 931, 932 (Mo. App.1977); Rule 30.20.

■ The State proved defendant's intent here by circumstantial evidence, using similar transactions initiated by defendant. This was clearly permissible.

Before a jury is permitted to find a verdict of guilty where fraudulent intent is an element of the crime, there must be in connection with the act done, attending circumstances which bespeak fraud—a situation where common experience finds a reliable correlation between the act and a corresponding intent. The State must show that the intent to cheat and defraud existed as of the time the pretense was made.

The subjective intent of the defendant at the time he made his promise is rarely open to direct proof. The mens rea, therefore, may be proved by means of circumstantial evidence. In particular, to prove intent to defraud based upon a promise, the State may introduce evi-

dence of similar incidents whereby the defendant obtained money from other victims by making some sort of promise. The theory which underlies admission of such evidence is that if a defendant consistently makes the same promise to a number of victims and, after obtaining the victim's money or goods, consistently fails to perform, it may be fairly inferred from the pattern of behavior that no mischance could reasonably explain all the failures of performance. Thus, the inference is raised that the defendant must have intended not to perform in any instance and particularly in the situation in which he has been charged.

*State v. Inscore,* 592 S.W.2d 809, 811 (Mo. banc 1980) (citations omitted); *State v. Davis,* 675 S.W.2d 652, 656 (Mo.App.1984). The State elicited testimony from five people who had not received calendars after being solicited for orders by the defendant in October of 1982, the same month in which the transactions involved in this trial occurred. These five were in addition to the two women who were victims in the incidents for which defendant was on trial. The State also introduced defendant's convictions for similar offenses in Oklahoma and Illinois. There was sufficient evidence of defendant's intent to steal by deceit. *Compare State v. Porter,* 630 S.W.2d 598 (Mo.App.1982), and *State v. Basham,* 571 S.W.2d 130 (Mo.App.1978).

■ Defendant claims the testimony of the five people regarding the other incidents should not have been admitted. This point is also not properly preserved, because defendant did not object at trial when these five witnesses testified. *State v. Pilchak,* 655 S.W.2d 646, 649 (Mo.App. 1983); *State v. Savu,* 560 S.W.2d 244, 245 (Mo.App.1977). Defendant's point is nevertheless without merit due to the above-cited language of *State v. Inscore,* 592 S.W.2d at 811. Defendant's argument that the State had to prove defendant's intent to steal by deceit in each of the other transactions before each could be admitted is based on the dissenting opinion in *Inscore.* We, however, rely on the majority opinion, which clearly allows evidence of other transactions without requiring that defendant's fraudulent intent first be proven for each transaction separately.

■ Defendant next claims error in allowing the State to introduce evidence of defendant's prior convictions. He claims those convictions were not so related to the offense charged as to be relevant on the issue of intent or common scheme or plan. *State v. Young,* 661 S.W.2d 637, 639 (Mo. App.1983). The prior convictions arose out of circumstances similar to those which gave rise to the charges in the court below. The prior convictions need not be for the exact same crime to be relevant. *See State v. Russ,* 602 S.W.2d 485, 486 (Mo.App. 1980). Defendant was convicted in both Illinois and Oklahoma in connection with the selling of calendars to community organizations. The prior convictions were relevant as to defendant's intent.

Defendant also argues the Oklahoma conviction, some seven years prior to the incidents here charged, was too remote to be relevant, relying in part on *State v. Stegall,* 353 S.W.2d 656, 658 (Mo.1962). In *Stegall,* evidence of a separate incident which occurred more than fourteen months *after* the offense for which defendant was on trial was deemed to be too remote to be admissible in a false pretenses case.

■ While remoteness normally affects the weight rather than admissibility of evidence, evidence can be too remote to be material and thus would be inadmissible. *State v. Maddox,* 657 S.W.2d 719, 721 (Mo. App.1983). "Whether evidence is too remote to be material is largely a matter of discretion for the trial court." *State v. Joiner,* 559 S.W.2d 226, 227 (Mo.App.1977). Here, because the circumstances of the Oklahoma offense were similar to those of the offenses charged here, the trial court did not abuse its discretion.

We have reviewed defendant's remaining contentions. No jurisprudential purpose would be served by a written opinion on those points. They are therefore denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.