STATE of Missouri,
Plaintiff/Respondent,

v.

James M. BAKER, Defendant/Appellant.

No. 60430.

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1992.

Rosalynn Koch, Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Defendant appeals his conviction by the court in a jury-waived trial on two counts of felonious restraint, two counts of armed criminal action and one count of indecent exposure. Defendant was sentenced as a prior offender to seven year concurrent terms of imprisonment on each of the felonious restraint counts, to run consecutively with ten year concurrent terms on each of the armed criminal action counts. He was also sentenced to a one year term for indecent exposure to run concurrently with the

other terms for a total of seventeen years. We affirm.

On June 12, 1990, at about 1:15 p.m., Susan, age 11, and Travis, age 8, were walking on a path by a wooded area to a city pool in Manchester. A man standing at the edge of the woods addressed the children and pulled out a gun. He ordered the children to walk into the woods with him. Travis asked the man if the gun was real and the man replied that it was. Susan asked if the man was going to hurt them and he answered he would not hurt them if they did as he told them. The man led them to a spot near a large tree which Susan identified in a photograph at trial. Travis was required to sit a short distance away from Susan with his back turned and his ballcap over his face. Susan was required to sit on the ground facing away from the man, who stood about a foot behind her. Susan turned to see what the man was doing and observed that he had loosened his pants and was touching his penis. After about five minutes, the man instructed Susan to count to fifty before leaving. After Susan counted to fifty, she turned to find the man had left the scene. The two children went home and recounted the incident to Susan's mother, who notified the police.

Defendant became a suspect when a police officer recalled a similar incident in 1984 in which defendant had been involved. Susan identified defendant out of a line-up of six photographs and identified him at trial.

Defendant filed a motion in limine seeking to prohibit or limit reference to the 1984 incident. The motion was overruled. At trial, testimony was elicited concerning the 1984 incident from the victims of that incident. This testimony revealed that at 12:45 p.m. on June 11, 1984, Lynn and Leslie, then ages 13 and 12 respectively, were walking to the city pool in Manchester in the same vicinity that the present incident occurred. Defendant stopped the girls and ordered them into the woods at gunpoint. He told them the gun was real but he would not hurt them if they did as he said. Defendant led them to a certain exceptionally large oak tree, the same tree where the incident at issue occurred. Defendant then required Leslie to disrobe and, standing about one foot away from her, he then dropped his pants and masturbated for about six minutes. Defendant ran off when the girls pretended to hear voices approaching. Lynn later identified defendant in a police line-up and defendant pleaded guilty to two counts of felonious restraint.

Defendant's employer and a co-worker testified defendant was at work on the day of the incident until about noon. He left to get lunch and a haircut and came back about an hour and a half later with his hair cut. Defendant's regular barber testified he gave defendant a haircut that week at about noon and he believed it was the day of the incident. After a half-hour haircut, defendant and he went to lunch together for forty-five minutes to an hour. The description of defendant's attire by these witnesses conflicted with the description given by the victims.

■ In defendant's sole issue on appeal he alleges that the trial court erred in admitting the evidence of the 1984 incident because it "constituted evidence of another crime and was too remote to be relevant." Defendant admits that he did not object to this evidence at the time it was admitted. Even though a motion in limine to exclude evidence of the 1984 incident was offered and rejected, when the evidence is admitted at trial, defendant must object to preserve his claim for review. *State v. Sandusky*, 761 S.W.2d 710, 712–13 (Mo.App.1988). He asks that we review his point for plain error under Rule 29.12(b).[1]

■ The general rule is that proof of the commission of separate and distinct crimes by the defendant is not admissible. There are exceptions, however. Evidence of other crimes is admissible to prove the crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake

1. We note the erroneous admission of evidence in a court-tried case is generally presumed harmless. *State v. Roper*, 591 S.W.2d 58, 62 (Mo.App.1979).

or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; or (5) the identity of the person charged with the commission of the crime on trial. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (1954).

We recently recognized that such evidence can be used to establish identity when the present crime and the other crime "are sufficiently similar ... in time, place and method." *State v. Brooks,* 810 S.W.2d 627,631 (Mo.App.1991) The crimes must be "so nearly identical in method as to earmark them as the handiwork of the accused." *Id.; See also, State v. Young,* 661 S.W.2d 637, 639 (Mo.App.1983); *State v. Seaton,* 817 S.W.2d 535 (Mo.App.1991). "[T]he question simply comes down to whether the crimes are similar enough to support an inference that the same person committed both." *Brooks,* 810 S.W.2d at 631.

The defendant here presented evidence he was not in the vicinity of the incident at the time it occurred. Thus, identity was the principal issue in this case.

The circumstances here · fit fully within the exception articulated in *Brooks.* In both the 1984 and 1990 incidents, young children were walking along the same path in the city of Manchester when a man approached them in the same area from the woods. He took them into the woods at gunpoint to the same large tree. In both cases, the man assured the children his gun was real and that he would not hurt them if they did as he said. In each case, the man focused his attention on one girl, whom he stood about one foot away from. He exposed and fondled himself for five or six minutes and then fled, leaving the children in the woods. The common thread in both cases is a methodology for sexual gratification which "earmarks them as the handiwork" of the defendant.

Defendant argues the 1984 offense was too remote in time to be relevant to the 1990 offense. We disagree. Remoteness in time is a factor to be considered in the admissibility of evidence of other crimes or misconduct. It is a much more important factor under the common plan or scheme exception. *State v. Courter,* 793 S.W.2d 386,390 (Mo.App.1990); *See generally, State v. Lachterman,* 812 S.W.2d 759 (Mo. App.1991). It is less important when, as here, the issue is identity.

Whether evidence is too remote to be material is largely a matter of discretion for the trial court. *State v. Thurman,* 692 S.W.2d 317,319 (Mo.App.1985). Remoteness normally affects the weight rather than the admissibility of evidence. *Id.* In *Thurman,* we held an offense committed seven years earlier was not too remote to be admissible because of its similarity to the crime charged. Under the circumstances here, the trial court committed no error in admitting this evidence, plain or otherwise.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.