**STATE of Missouri, Respondent,**

v.

**Phillip Andrew COLEMAN, Appellant.**

No. 61870.

Missouri Court of Appeals,
Eastern District
Division Three.

May 18, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1993.

Application to Transfer Denied
Aug. 17, 1993.

Michael Lee Maynard, Flat River, appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Phillip Andrew Coleman, appeals from a jury verdict entered in the Circuit Court of Jefferson County, convicting him of the Class B felony of Sodomy, in violation of RSMo § 566.060 (1986). The trial court sentenced appellant to twelve years in prison. We affirm.

On August 14, 1989, the State charged appellant with sodomy, alleging he had deviate sexual intercourse on May 16, 1987, with J.E., who was six years old when the alleged incident occurred, and ten at the time of trial. The State named two witnesses, C.Y. and B.C., who were also alleged to have been victims of uncharged sexual crimes inflicted by appellant sometime during 1976 or 1977. A pre-trial phone conference was held between the judge and attorneys for both sides in which the court ruled it would not bar the State's offer of evidence of prior uncharged sexual misconduct by appellant.

At trial, both C.Y. and B.C. testified over strenuous objections from defense counsel. Both stated that appellant, who was their second cousin, had sexually assaulted them when they were about six years old. Some of the testimony was remarkably similar to the account of sexual abuse given by complainant J.E., even though C.Y.'s and B.C.'s alleged incidents of abuse had occurred nearly ten years before. The common denominator linking the incidents described by C.Y. and J.E. was appellant's alleged use of saliva or water to lubricate his fingers prior to, or during, the act of molestation. In all three cases, he forced the children to engage in some form of oral sex.

The jury found appellant guilty of sodomy on February 21, 1992, and his Motion for New Trial was denied on April 6, 1992. This appeal followed.

Appellant raises three points on appeal which are so interrelated that we choose to consider them together. Appellant first contends the trial court erred in allowing evidence of prior uncharged crimes due to the irrelevant and prejudicial nature of C.Y. and B.C.'s allegations. He additionally asserts the court erred in overruling objections to B.C.'s testimony. Appellant urges that only prior acts of sexual abuse involving children of the same sex as the victim and occurring proximately in time to the acts charged are relevant and properly admissible. Finally, he alleges the testimony of both witnesses was irrelevant due to the remoteness in time between their alleged incidents of abuse and the acts charged by complainant.

The blanket rule regarding evidence of prior uncharged crimes, wrongs, or acts is that such evidence is inadmissible for the purpose of demonstrating a propensity to commit such crimes. *State v. Reese,* 274 S.W.2d 304, 307 (Mo. banc 1954). There are, however, exceptions for evidence that is both logically and legally relevant. *State v. Sladek,* 835 S.W.2d 308, 311 (Mo. banc 1992). The trial court is vested with broad discretion in ruling on questions of relevancy of evidence, and the appellate court should not interfere with the lower court's decision, absent a clear showing of abuse of that discretion. *State v. Seaton,* 817 S.W.2d 535, 539 (Mo.App., E.D.1991).

In Missouri there have traditionally been five recognized exceptions to the general rule barring evidence of prior uncharged misconduct, although evidence that does not fall within one of the enumerated exceptions may be admitted if logically and legally relevant. *Sladek,* 835 S.W.2d at 311. Evidence of prior misconduct will be admitted if it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the accused. *Id.* Recently, the Missouri Supreme Court added a sixth exception for evidence that tends to show a signature *modus operandi. State v. Bernard,* 849 S.W.2d 10, 16–17 (Mo. banc 1993).

In *Bernard*, the defendant's preference for naked or partially clothed boys riding in or on his car was so unique the court found evidence of such conduct to bear his "signature." *Id.* at 19. The court went further to hold that accounts of defendant's bizarre sexual behavior, which allegedly occurred prior to the time of the acts charged, had a legitimate tendency to corroborate the testimony of the complaining victim. The court explained in some detail the reasoning behind its newly adopted *modus operandi*/corroboration exception:

> For corroboration evidence to be of sufficiently increased probative value so as to outweigh its prejudicial effect, the evidence must be more than merely similar in nature to the sexual assault for which the defendant is charged. Evidence of prior sexual misconduct that corroborates the testimony of the victim should be nearly identical to the uncharged crime and so unusual and distinctive as to be a signature of the defendant's *modus operandi*. *Id.* at 17.

Appellant alleges the testimony of C.Y. is irrelevant and prejudicial and should have been excluded. We disagree and instead, agree with respondent that the wetting of appellant's fingers immediately before sexually molesting the girls with his fingers was appellant's "handiwork." This act is as unusual as was the conduct in *Bernard*, where the defendant had the boys run around the car naked. Apparently, appellant used the water as a lubricant to facilitate penetration of the girls. Such a method is unique. Indeed, it was his "signature," and thus, it was also admissible to corroborate the testimony of the victim.

We also find other evidence to support appellant's "signature" regarding J.E. and C.Y. The two girls were second cousins of appellant, and at or near six years of age at the time each was molested. Appellant followed the same pattern during the acts of molestation. He began the abuse by massaging or licking the girls' vaginas. He would then stop his actions and lubricate his fingers with saliva or physically leave the room to obtain water to dip his fingers into for lubrication. After wetting his fingers, appellant proceeded to continue massaging the vaginal areas of the girls. Then, rather than having vaginal intercourse, appellant would instead rub his penis either on or near the girls' bodies. Because of the similarities in the approach taken by appellant with each of the girls, and specifically the unusual nature regarding the lubrication of his fingers, we find sufficient evidence of appellant's "signature."

As *Bernard* indicates, C.Y.'s testimony was properly admitted under the exceptions for evidence tending to show the identity of appellant and to corroborate the complaining victim's testimony by demonstrating appellant's *modus operandi*. *See also, State v. Givens*, 851 S.W.2d 754, 762–763 (Mo.App., E.D.1993). Point denied.

■ As to B.C.'s testimony, we find appellant's argument more persuasive. *Bernard* criticized the recent trend in Missouri toward liberally allowing the admission of evidence of prior sexual misconduct. *Bernard*, at 12–17. *Bernard's* more conservative approach heightens the difficulty of admitting B.C.'s testimony, which does not describe acts sufficiently similar to those charged by complainant. We, as such do not find B.C.'s testimony to fit within *Bernard's modus operandi*/corroboration exception. Nor do we find the testimony to fit comfortably under any of the other five recognized exceptions.

However, this court has held that when there exists strong evidence of defendant's guilt, admission of irrelevant evidence may be considered harmless error. *State v. Girardier*, 801 S.W.2d 793, 796 (Mo.App., E.D.1991). We find such to be the case here. There was the testimony of the victim, J.E., identifying appellant as her perpetrator. There was the corroborating testimony of C.Y. detailing numerous incidents of abuse whereby appellant utilized his "signature" behavior. Finally, testimony was provided by a medical expert who examined J.E. and found evidence of sexual abuse to strongly support the State's case. Based on our review of the record before us, including the entirety of the transcript,

we agree with the holding of the jury and perceive the evidence of appellant's guilt to be overwhelming. We do not find the nature of B.C.'s testimony to rise to the level of prejudice sufficient to warrant reversal. Point denied.

 Finally, appellant contends the State's evidence of prior uncharged misconduct is too remote to be admissible. Whether evidence is too remote to be material is largely a matter of discretion for the trial court. *State v. Baker*, 827 S.W.2d 777, 779 (Mo.App., E.D.1992). Remoteness of time goes to the weight of the testimony, not to its admissibility. *State v. Muthofer*, 731 S.W.2d 504, 509 (Mo.App., E.D. 1987). The *Muthofer* court allowed evidence of acts which had occurred more than two decades prior to the crime charged. *Id.* at 509. *See also, Bernard,* at 19–20. We therefore find no error here on the part of the trial court in allowing evidence of misconduct that allegedly occurred ten years prior to the acts charged. Point denied.

The verdict of the trial court is affirmed.

SMITH, J., dissents. *State v. Bernard,* 849 S.W.2d 10 (Mo. banc 1993).

STEPHAN, Jr., J., concurs.