**STATE of Missouri, Respondent,**

v.

**Ervin LAMPLEY, Appellant.**

**No. 61850.**

Missouri Court of Appeals, Eastern District, Division Seven.

Aug. 3, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1993.

Application to Transfer Denied Sept. 28, 1993.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before KAROHL, C.J., and PUDLOWSKI and CRANDALL, JJ.

PER CURIAM.

Defendant, Ervin Lampley, was convicted of two counts of sodomy in violation of § 566.060, RSMo 1986. The court sentenced Lampley as a prior offender to serve 13 years on each count, the sentences to run concurrently. We reverse and remand because the court refused to permit cross-examination on a matter that could tend to prove a motive to fabricate a false accusation by the prosecuting witness.

Defendant does not challenge the sufficiency of the evidence to support his convictions. However, we briefly summarize the facts and reasonable inferences which the jury could reasonably have found in arriving at its verdict, ignoring evidence and inferences to the contrary. *State v. Griffin*, 756 S.W.2d 475, 478 (Mo. banc 1988), *cert. denied*, 490 U.S. 1113, 109 S.Ct. 3175, 104 L.Ed.2d 1036 (1988).

On the evening of January 30, 1991, defendant was at home babysitting his three year old son and nine year old stepdaughter, A.C., while his wife was at work. At about 6:00 p.m., while A.C. was in the bathtub, defendant came in to use the bathroom. He made A.C. close the shower curtain. Thereafter, defendant engaged in the acts that, according to A.C.'s description of them, would constitute the offenses of which he was convicted.

The following morning, A.C. told her mother, defendant's wife, what had happened. Her mother immediately reported the incident to the Child Abuse Hotline. The Department of Family Services referred her to the Sexual Abuse Management Unit of a local children's hospital. At the hospital, A.C. told an employee of the unit about the incident with her stepfather the night before. A doctor at the hospital subsequently examined her. The doctor testified that his findings during the physical examination were consistent with sexual abuse.

Defendant presents eight points on appeal. One issue requires remand. The remaining issues are either unlikely to recur or are without merit.

■ Defendant argues the trial court erred by refusing to allow him to cross-examine A.C. about a previous complaint of sexual abuse involving someone else. Defendant contends that such evidence was relevant to show how nine year old A.C. would have had previous knowledge of sexual matters *and* how she benefitted from the prior complaint.

After the parties selected a jury, state made an oral motion in limine. It referred to a hearing on the previous day which informed the court that A.C. was "the victim of a prior act of abuse by boyfriend, son or cousin. [Those events] [h]appened approximately three or four years ago. I'm going to ask that any reference to the prior incident on this particular victim be held inadmissible as being totally irrelevant to this case." Defense counsel informed the court that the proposed cross-examination "goes to her knowledge of sexual acts, of what can happen in a situation as that one, *and the repercussions that can result from it.*" The court sustained the motion and observed that if A.C. did,

> have some knowledge of sexual acts I don't know that necessarily indicates in any way whatsoever she's not telling the truth or is not a credible witness in this

case here today, and that's the only reason it could be offered for to go to her credibility—I won't allow any question with regard to her prior sexual encounter.

Defense counsel than explained to the court the relevance of the proposed cross-examination—"at this point in her life [A.C.] no longer cared for Ervin Lampley, did not like him, apparently something had happened ... She knew this was a way of getting Mr. Lampley out of her home, and that would go to her credibility, whatever." This explanation identified for the court the subject matter of the proposed cross-examination, a prior assault complaint with a resulting benefit, hence, an identified possible motive to be untruthful in the present complaint. This matter was preserved in defendant's motion for new trial where defendant contended the court denied constitutional rights when it excluded "the child's prior experience of what could and would happen to someone who was accused of any form of sexual abuse."

In their briefs, both the state and defendant address the relevancy of this previous molestation to show how A.C. had prior knowledge of sexual matters. This is a matter on which the trial court has discretion which was probably not abused. However, defendant also opposed the motion in limine to preserve the right to cross-examine state's witness on the favorable consequences of a prior abuse complaint. The subject of the prior complaint was convicted of a charge and removed from A.C.'s home. The defendant sought to show that A.C. did not like defendant and, thus, accusing him of sexual molestation was a way of getting him out of her home. The court addressed only the prior knowledge ground and sustained the state's in limine motion. It did not address the issue in the context of the prosecuting witness' possible motive to testify untruthfully. It did, however, absolutely prevent any inquiry on the subject which was relevant to A.C.'s motives. No effort was made to propose a way to protect both A.C. and defendant.

■ Motive for false accusation of one charged with a crime by a witness for the state is a proper subject for inquiry in a criminal prosecution, and evidence to prove the motive may be developed either by cross-examination or by impeachment. *State v. Woods*, 508 S.W.2d 297, 301 (Mo. App.1974). The danger that the trial will become bogged down in collateral issues and the jury distracted and confused does not outweigh defendant's interest in showing the accusing witness' bias. *State v. Hedrick*, 797 S.W.2d 823, 827 (Mo.App. 1990). The bias of an accusing witness is never a "collateral" matter but is directly and intimately involved in the issues of the case. *State v. Johnson*, 700 S.W.2d 815, 817 (Mo. banc 1985), *cert. denied*, 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986).

■ The trial court may properly limit the scope and extent of cross-examination into a witness' bias or prejudice, but it is not within the trial court's discretion to prevent it entirely. *Hedrick*, 797 S.W.2d at 828. In this case, A.C. may have had a motive to falsely accuse defendant. Because of the previous molestation and the subsequent conviction and removal of the offender from her home, evidence regarding the prior event of such was relevant to her credibility. Although it is within the trial court's discretion to limit the scope and extent of cross-examination into A.C.'s previous experience, the court erred in foreclosing the evidence. Exclusion of the evidence violated defendant's right to a fair trial. For that reason the convictions must be reversed and remanded for a new trial.

■ The dissent relies on application of § 491.015 RSMo 1986. That statute is intended to protect a complaining witness from questions regarding prior sexual conduct. Defendant in the present case never indicated an intention to go into prior sexual *conduct*. It was not necessary to the defense that a prior *complaint* which became beneficial to A.C. was substantial or not. Prior sexual activity of A.C. was not the stated subject of cross-examination. The subject was a prior *complaint* which resulted in a benefit and constitutes possible motive to fabricate the present complaint.

The inquiry may have been very simple in cross-examination of A.C.:

Q. Did you make a complaint like this a few years ago?

A. Yes.

Q. After your complaint did something happen that made you happy?

A. Yes.

A. What happened?

A. X never came back to my house.

Q. Do you dislike Mr. Lampley?

A. Yes.

Q. Is your complaint against Mr. Lampley made because you want him to never come back to your house?

A. Yes.

Q. And for no other reason?

A. Yes. [For no other reason, including truth].

This line of questioning may show motive to fabricate and never implicate § 491.-015.3. More on point, the trial court view that reference to the prior incident is "totally irrelevant" is patently wrong.

CRANDALL, Judge, dissenting.

I dissent.

Section 491.015, RSMo (1986), Missouri's Rape Shield Statute, provides that evidence of the victim's prior sexual conduct is inadmissible, except under certain specific instances. If a defendant proposes to offer evidence of the victim's prior sexual conduct, he must comply with the following procedures:

[H]e shall file with the court a written motion accompanied by an offer of proof or make an offer of proof on the record outside the hearing of the jury. The court shall hold an in camera hearing to determine the sufficiency of the offer of proof and may at that hearing hear evidence if the court deems it necessary to determine the sufficiency of the offer of proof. If the court finds any of the evidence offered admissible under this section the court shall make an order

stating the scope of the evidence which may be introduced....

§ 491.015.3, RSMo (1986).

Here, defendant did not file a written motion accompanied by an offer of proof. Thus, the trial court never reached the stage of an in camera hearing and never determined either the sufficiency of the offer of proof or the scope of the evidence that might be offered.

In addition, it is possible that victim's bias against defendant, if any, could have been established without reference to the prior molestation. Standing alone, the prior incident was not relevant to the present case. The earlier incident happened more than three years before the incident in question and the acts which constituted the prior abuse were different from those which constituted defendant's sexual abuse of victim. In addition, the relevancy of the prior sexual abuse to show that victim fabricated the story about defendant was dependent first upon establishing victim's bias against defendant and her desire to have him out of the house and then upon her subsequent denial that she knew her accusations would result in his removal from the family home.

In *State v. Williams*, 724 S.W.2d 652 (Mo.App.1986), this court permitted defendant's cross-examination of the victim of a robbery about her own illicit activities because such testimony was directed at her motive to falsely identify the defendant as her assailant. *Id.* at 655. The crucial distinction between *Williams* and the present case is that the testimony which defendant sought to elicit from A.C. concerned prior sexual conduct, the admission of which is governed by the Rape Shield Statute and subject to stricter scrutiny. Also, in *Williams*, the testimony which the defendant was permitted to extract was about an argument between him and the victim concerning her illegal activities. *Id.* at 656. The argument occurred two weeks after the robbery. *Id.* at 655. Thereafter, despite the victim's previous inability to identify the robber, she identified the defendant. *Id.* In *Williams*, testimony about the specific argument established the basis

of the victim's motive to lie. *Id.* Based upon the record in the case before us, however, evidence of A.C.'s prior molestation did not directly establish her motive to lie. The proposed questioning about the incident was nothing more than a fishing expedition by defendant that would have required a nine-year-old victim of sexual abuse to relive a traumatic experience in the hope of eliciting probative evidence favorable to the defense. This is precisely the type of questioning that the Rape Shield Statute was designed to prevent.

For the foregoing reasons, I would affirm the judgment of conviction. I therefore dissent.