**STATE of Missouri, Respondent,**

v.

**Dale MONTGOMERY, Appellant.**

No. 64839.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 12, 1995.

Application to Transfer Denied July 25, 1995.

Martin Hadican, Michael A. Gross, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

A jury convicted defendant of sodomy in violation of § 566.060 RSMo Supp.1993. Defendant appeals the judgment entered on his conviction. We reverse and remand.

Defendant was charged by information with two counts of sodomy. The first count alleged defendant committed sodomy between March 14, 1991 and March 20, 1991 and the second count alleged defendant committed sodomy on July 6, 1991. In both counts defendant was charged with having deviate sexual intercourse with J.M.B., to

whom defendant was not married and who was then less than fourteen years old.

J.M.B. was born July 6, 1978. In March, 1991, J.M.B., her sisters, and mother were living with defendant. At this time, J.M.B.'s mother and defendant were involved in a romantic relationship. J.M.B.'s mother went to Oklahoma on March 14, 1991 and returned March 20, 1991. During this week, J.M.B. stayed with defendant. J.M.B. testified defendant touched her vagina during the week her mother was in Oklahoma. She also testified defendant touched her vagina on July 6, 1991. J.M.B. further testified she gave statements to the police where she stated defendant did not touch her. Defendant testified he never touched J.M.B.'s vagina. Defendant also testified a detective forced him to make a statement, in which he incriminated himself, by telling him he would go to jail if he did not write the statement.

The jury found defendant guilty of the first count and not guilty of the second count. In accordance with the jury's assessment, the trial court sentenced defendant to five years imprisonment. Defendant raises three points in his appeal.

In his first point, defendant argues the trial court erred in sustaining the State's motion in limine which precluded defendant from adducing testimony regarding J.M.B.'s prior accusations of sexual abuse. Prior to the cross-examination of J.M.B., defendant made an offer of proof and asserted if permitted he would introduce evidence of the following abuse allegations made by J.M.B: (1) in 1984 a complaint to the Division of Family Services regarding her father; (2) in 1988 J.M.B. told her mother while at school a seventeen year old boy attempted to pull down her pants and touch her; (3) in 1989 J.M.B. accused her uncle and a cousin of touching her inappropriately; and (4) in 1991 J.M.B. told her mother one of defendant's employees attempted to touch her breast and another employee attempted to touch her "privates."

The prosecutor argued to the trial court defendant was trying to impeach J.M.B. on collateral matters and the allegation regarding J.M.B.'s father occurred a long time ago and was not relevant. The prosecutor also asserted J.M.B.'s prior allegations were all irrelevant and would mislead the jury. Defendant argued J.M.B.'s prior allegations were relevant to the issue of J.M.B.'s credibility. Defendant asserted J.M.B.'s mother was the initial source but if J.M.B. denied making the allegations he would call three of the people J.M.B. made allegations against. The trial court sustained the motion in limine without stating a reason.

"It is well-established that an important purpose of the constitutionally protected right of cross-examination is to provide litigants with a meaningful opportunity to challenge the veracity of testimony through the process of impeachment." *State v. Johnson*, 700 S.W.2d 815, 817 (Mo. banc 1985), *cert. denied*, 476 U.S. 1119, 106 S.Ct. 1980, 90 L.Ed.2d 663 (1986). Under Missouri law, the interest or bias of a witness and any relation to or feeling toward a party are never irrelevant matters. *Id.* Any danger the trial will become bogged down in collateral issues and the jury distracted and confused does not outweigh a criminal defendant's interest in showing the accusing witness' bias. *State v. Lampley*, 859 S.W.2d 909, 911 (Mo.App.E.D.1993).

In *Lampley*, the defendant was convicted of two counts of sodomy and his stepdaughter was the complaining witness. *Id.* at 910. On appeal, the defendant argued the trial court erred by sustaining the State's motion in limine which precluded defendant from cross-examining his stepdaughter regarding a previous incident of sexual abuse involving a different person. *Id.* The subject of the prior incident had been convicted and removed from the stepdaughter's home. *Id.* at 911. The defendant sought to show his stepdaughter did not like him and, therefore, accusing him of sexual molestation was a way to get him out of her home. *Id.*

This court held the stepdaughter may have had a motive to falsely accuse the defendant and evidence of the prior incident was relevant to the stepdaughter's credibility. *Id.* This court also held it was within the trial court's discretion to limit the scope and extent of cross-examination into the stepdaughter's previous experience, but the trial court erred in foreclosing the evidence. Because exclusion of the evidence violated the defen-

dant's right to a fair trial his convictions were reversed and the cause remanded for a new trial. *Id.*

As in *Lampley,* the complaining witness in the present case may also have had a motive to falsely accuse defendant. J.M.B. testified she wanted her mother's attention. The prior allegations could demonstrate a motive to fabricate by illustrating a pattern of J.M.B.'s attempts to get her mother's attention by making allegations of sexual abuse. Accordingly, J.M.B.'s prior allegations of sexual abuse were relevant to her credibility.

■■■ We note the allegation regarding J.M.B.'s father was made in 1984 and the remoteness of this allegation rendered it within the trial court's discretion to preclude defendant from adducing evidence regarding this allegation.* However, under the circumstances of this case the trial court erred in excluding all evidence regarding J.M.B.'s other allegations of abuse. In his offer of proof defendant asserted from 1988 until 1991 J.M.B. accused five different persons, not including defendant, of inappropriately touching her. Once informed of these allegations of sexual abuse, the jury could better assess J.M.B.'s credibility. *Johnson,* 700 S.W.2d at 817. As in many cases of this type, witness credibility was the paramount issue at trial. Defendant's conviction must be reversed and the cause remanded for a new trial.

Defendant's argument in his second point is without merit. His argument in the third point is not likely to occur in a similar context during a new trial and, therefore, need not be addressed.

The judgment is reversed and the cause remanded for new trial.

---

* Although remoteness normally affects the weight rather than admissibility of evidence, evidence can be too remote to be material and, therefore, inadmissible. *State v. Thurman,* 692 S.W.2d 317, 319 (Mo.App.E.D.1985). Whether evidence is too remote to be material is largely a matter of discretion for the trial court. *Id.* The purpose for which the evidence is being introduced and the circumstances of each case determine whether evidence is too remote to be material. *Com-*

*pare State v. Coleman,* 857 S.W.2d 363, 366 (Mo. App.E.D.1993) (trial court did not err by permitting introduction of evidence of defendant's misconduct allegedly occurring ten years prior to the charged acts) *with State v. Wallace,* 745 S.W.2d 233, 235 (Mo.App.E.D.1987) (trial court did not err by not permitting introduction of victim's medical records from 1979 and 1980 where crime was committed in 1986).