STATE of Missouri, Respondent,

v.

Boaz RAFAELI, Appellant.

No. 66563.

Missouri Court of Appeals,
Eastern District,
Division One.

May 23, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 14, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Boaz Rafaeli, St. Louis, pro se.

Andrew F. Wasserman, Asst. Pros. Atty., St. Louis County, Clayton, for respondent.

PER CURIAM.

Appellant, Boaz Rafaeli, appeals from his conviction by jury for harassment, RSMo § 565.090 (1986), for which appellant was fined $1,000 in St. Louis County Circuit Court. We affirm.

On August 11, 1992, appellant was charged by information with one count of harassment, in violation of RSMo § 565.090.[1] The information alleged appellant made several phone calls to Sharon Navo between June 19 and June 22, 1992, for the purpose of harassing Ms. Navo.[2] The case was tried to a jury on June 22, 1994.

After the jury was impaneled but before opening statements, appellant moved in limine to prohibit the state from introducing evidence of phone calls appellant made to Ms. Navo prior or subsequent to the period of June 19 through June 22, 1992. The circuit court overruled the motion at that time and stated it would evaluate the evidence when brought out at trial.

Ms. Navo testified at the trial. She stated that she had a relationship with appellant which began in 1988 and ended in the fall of 1989. Appellant apparently contacted Ms. Navo several times since 1989, either by phone or in person, and never with Ms. Navo's consent. Ms. Navo testified she repeatedly told appellant that she wanted nothing more to do with him, that it was over, and that she did not want him calling her, coming to her apartment or to her place of business. Ms. Navo stated she changed her phone number several times and had it unlisted. Appellant objected to Ms. Navo's testimony regarding alleged contacts between her and appellant prior to June 19, 1992, but was overruled.

Ms. Navo specifically testified to a phone call she received from appellant on June 13, 1992. After that call, she asked the phone company, Southwestern Bell, to put a tracer on her phone, which was done on June 16. Ms. Navo stated she received three calls from appellant on June 19, two on June 20, and one on June 22; she reported these calls to Southwestern Bell. Ms. Navo stated several times in her testimony that she was very disturbed by appellant's calls.

Christopher Kluthe, an employee with the "Annoying and Anonymous Call Bureau" of Southwestern Bell, testified. Mr. Kluthe described, over appellant's objection, the different types of calls reported to Southwestern Bell that went under the heading "harassing calls," including calls received with or without permission. Mr. Kluthe explained the procedure for setting up tracers and how information from the tracers was reported. The state entered, through Mr. Kluthe, reports made by Ms. Navo to the phone company and kept in the company's business records. These records showed Ms. Navo received several calls during the period of June 19 through June 22, 1992, and that those calls came from a phone number listed to appellant or to appellant's residential address.

The state rested after Mr. Kluthe's testimony. Appellant moved for judgment of acquittal at the close of the state's evidence, and—as appellant introduced no evidence of his own—for judgement of acquittal at the close of all the evidence. The court denied both motions. The case was submitted to the jury. Appellant was found guilty. The court sentenced appellant on July 22, 1994, and ordered him to pay a $1,000 fine. The court denied appellant's motion for a new trial. This appeal followed.

Appellant raises three points on appeal. For his first point, appellant contends the circuit court erred in admitting evidence that appellant had made unwanted contact with Ms. Navo prior to the June 19 through June 22, 1992, time period. According to appellant, the state charged appellant for calls he made to Ms. Navo between June 19 and June 22, 1992; any evidence of contact prior to

---

1. A person commits the crime of harassment if, for the purpose of frightening or disturbing another person, he or she makes repeated phone calls. RSMo § 565.090.1(4). Harassment is a class A misdemeanor. RSMo § 565.090.2.

2. On April 21, 1994, the state amended its information to list additional witnesses.

that period was irrelevant, prejudicial and non-probative. We disagree.

■ Generally, evidence regarding prior uncharged crimes, wrongs, or acts is inadmissible to show a propensity to commit such crimes, wrongs, or acts. *State v. Coleman,* 857 S.W.2d 363, 364 (Mo.App.E.D.1993). However, such evidence is admissible if it tends to show motive, intent, absence of mistake or accident, a common scheme or plan, or identity of the person charged. *Id.* The trial court is vested with broad discretion in ruling on the relevancy of evidence, which we do not disturb absent a clear showing of an abuse of that discretion. *Id.* With respect to prosecutions brought pursuant to RSMo § 565.090, we have allowed testimony as to harassing phone calls other than the one for which defendant was charged where such testimony came within the common scheme or plan exception. *See State v. Placke,* 733 S.W.2d 847, 850 (Mo.App.E.D.1987).

■ RSMo § 565.090 requires a specific intent on the defendant's part to frighten or disturb another. *State v. Koetting,* 691 S.W.2d 328, 330 (Mo.App.E.D.1985). A caller's intent to disturb need not be his or her sole intent in making repeated phone calls, only one of his or her purposes. *Id.* Such intent is a state of mind and, as it is usually not susceptible to direct proof, it is generally established by circumstantial evidence. *Id. See also State v. Underwood,* 716 S.W.2d 853, 855 (Mo.App.W.D.1986).

■ Here, we agree with the state that Ms. Navo's testimony regarding calls she received and confrontations she had with appellant prior to June 19, 1992 [3] was properly admitted. Ms. Navo testified that appellant repeatedly contacted her from 1989 until June 13, 1992, even after she unambiguously told him to stop contacting her and after she changed her phone number several times and had it unlisted. It is reasonable to infer from the facts that unless appellant intended to disturb Ms. Navo, he would have abided by her repeated requests that he stop contacting her. *See Koetting,* 691 S.W.2d at 330.

Appellant's prior acts clearly show an intent on his part to disturb Ms. Navo, a required element under RSMo § 565.090. As such, the circuit court did not abuse its discretion in allowing Ms. Navo to testify to those prior contacts. Point denied.

■ For his second point on appeal, appellant argues the court erred in allowing Mr. Kluthe to testify as to what constitutes harassment by phone, on the grounds Mr. Kluthe was not an expert, there was no foundation he was an expert, and his testimony went to an ultimate issue in the case that was for the jury to determine. We disagree.

The record shows Mr. Kluthe did not testify as an expert or state an opinion as to whether appellant's actions constituted harassment as defined by RSMo § 565.090. Rather, Mr. Kluthe merely testified as to what types of calls his bureau put under the heading "harassing calls," and how reports of such calls were handled and kept. The purpose for Mr. Kluthe's testimony was to establish the identity, mode of preparation, and reliability of the records of Southwestern Bell regarding Ms. Navo's complaints on June 19, 20, and 22, 1992, so the same could be admitted as business records. *See* RSMo § 490.680 (1986); *State v. Graham,* 641 S.W.2d 102, 106 (Mo. banc 1982). Point denied.

For his final point on appeal, appellant contends the court erred in permitting the state to argue punishment for the first time in its rebuttal section of closing argument. We disagree.

■ Appellant complains of the following statement by the prosecutor in the rebuttal section of the state's closing argument:

What is the applicable punishment for somebody that repeatedly violates your privacy and disturbs you … for three-year period of time from 1989 to 1992?

Well, the punishment can be jail, …. Or you may find that the punishment that is more appropriate, that a fine be assessed.

**3.** There is no evidence in the record that appellant contacted Ms. Navo by phone or in person subsequent to June 22, 1992.

Appellant objected and was overruled. Appellant claims the state did not address specific punishments in its closing argument, and by initiating the issue of specific punishment in its rebuttal, denied appellant the opportunity to answer the state's argument.

Appellant ignores the fact that the prosecutor made the following statement in the opening portion of his closing argument: "I'll have an opportunity to come back and talk to you after the defendant's attorney speaks to you concerning punishment in this case." Appellant was clearly put on notice that the prosecutor intended to discuss punishment in the rebuttal. For his part, counsel for appellant referred to the possibility of imprisonment in his closing argument; by such statements counsel clearly acknowledged notice of the prosecutor's intention to argue punishment in the rebuttal. Our decision in *State v. Ross*, 606 S.W.2d 416, 419 (Mo.App.E.D. 1980) controls here. *See also State v. Pena*, 784 S.W.2d 883, 889–9 (Mo.App.W.D.1990). Point denied.

Based on the foregoing, we affirm appellant's conviction.