STATE of Missouri, Respondent,

v.

**Dewan FOSTER, Appellant.**

No. ED 78748.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 18, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 2002.

Jennifer S. Walsh, Asst. Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Dewan Foster (hereinafter, "Appellant") appeals from the judgment convicting him of murder in the first degree and armed criminal action. Appellant claims the trial court erred by permitting the State to cross-examine his alibi witness about whether the witness's son had been separately charged with tampering with·a witness related to Appellant's case. The judgment is affirmed.

On May 17, 1999, Michael Shores, Marqus Shores, Nicole Mitchell, William Pearson, and Turrell Harris were outside 3700 Cook Street talking in a group. Monake Crump and her boyfriend pulled up in Monake's car. The others gathered around the car and continued talking.

Meanwhile, Julius Small (hereinafter, "Julius") was remodeling a house in south St. Louis City. He borrowed the homeowner's car, a gray Saturn, to get more supplies. Julius had been drinking and smoking marijuana. On his way home, he stopped at the 4000 block of Cook Street where he recognized Appellant from the neighborhood. Julius offered Appellant a ride, and Appellant asked him to catch up with another car up the street. The other car was Monake Crump's.

Julius proceeded to drive down the wrong side of the street and stopped next to Monake Crump's car. Appellant lowered the passenger side window, pulled out a long silver or chrome gun, and told Julius, "You better duck." Appellant leaned out the window and fired several shots into the crowd gathered around Monake Crump's car.

One shot struck Turrell Harris in the back of the head, causing fatal injuries. In the ensuing panic, Monake Crump and her

boyfriend drove off down the street, dragging William Pearson underneath their car. William Pearson sustained minor injuries. Julius dropped off Appellant a few blocks away.

Appellant was charged by indictment with murder in the first degree and armed criminal action. At trial, the State presented eyewitness testimony from Julius, Michael Shores, Marqus Shores, William Pearson, Monake Crump, and Nicole Mitchell. Everyone except Nicole Mitchell knew · Appellant from the neighborhood. Michael Shores, Marqus Shores, and William Pearson identified Appellant from a lineup. Every witness identified Appellant as the shooter, described his gun, and the gray Saturn at trial. Appellant did not testify, but offered the alibi testimony of Cheryl Peters which will be set forth in detail below.

On September 26, 2000, a jury convicted Appellant on both charges. He was found to be a prior and persistent offender. Appellant received a sentence of life imprisonment without the possibility of probation or parole on the murder charge and thirty years' imprisonment on the armed criminal action charge, to be served concurrently. Appellant appeals.

Appellant's sole point on appeal challenges the trial court's ruling which permitted the State to cross-examine his alibi witness about her son's tampering charge. Appellant claims the State's questions misstated the evidence and misstated the law. Appellant believes the jury falsely surmised that the outcome of Appellant's case would have an impact on the separate tampering charge. As a result, the jury disregarded the alibi witness's testimony, which caused Appellant to suffer prejudice.

■ A trial court is vested with broad discretion in controlling the scope of cross-examination. *State v. Leisure*, 749 S.W.2d 366, 378 (Mo. banc 1988). Error will be found only if this discretion was clearly abused. *State v. Bolds*, 11 S.W.3d 633, 638 (Mo.App. E.D.1999); *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998). In matters involving the admission of evidence, we also review for prejudice and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Richardson*, 923 S.W.2d 301, 311 (Mo. banc 1996). Further, error that may require reversal in a close case may be disregarded as harmless where evidence of guilt is strong. *State v. McMillin*, 783 S.W.2d 82, 99 (Mo. banc 1990); *State v. Santillan*, 1 S.W.3d 572, 579 (Mo.App. E.D.1999). Under Missouri law, the interest or bias of a witness and any relation to or feeling toward a party are never irrelevant matters. *State v. Montgomery*, 901 S.W.2d 255, 256 (Mo. App. E.D.1995). *See also, State v. Cosby*, 976 S.W.2d 464, 469 (Mo.App. E.D.1998).

■ Appellant presented an alibi witness, Cheryl Peters, who testified that she lived approximately four blocks away from where the shooting took place. She stated Appellant was within her line of sight at the time the shooting occurred, and therefore, he could not have been involved in the shooting. The following exchange took place when the prosecutor cross-examined Cheryl Peters:

[THE PROSECUTOR]: Isn't it true, ma'am, that your son—

[DEFENSE COUNSEL]: Your Honor, can we approach?

THE COURT: Your request. Speak to her. I get it.

[DEFENSE COUNSEL]: I have an objection to the testimony. I think what's coming is the fact that her son is charged with tampering with a witness in this particular case. That is not relevant at all to whether this woman is telling the truth, whether this

charge turns out to be true or not. I mean, that's—the tampering is still the tampering charge. It's not—it's not a motive for her to testify falsely for [Appellant]. He can still be charged and convicted of tampering with the witness. I just—it's more prejudicial than probative of anything regarding this woman's testimony as to what she saw on that day.

THE COURT: I don't know. Go ahead. Your response.

[THE PROSECUTOR]: It goes directly to bias because a person cannot be convicted of tampering with a witness if the underlying charge, the defendant is found not guilty.

THE COURT: Who is her son again?

[THE PROSECUTOR]: Michael Peters.

THE COURT: And who is he charged with tampering with?

[THE PROSECUTOR]: Marqus Shores and Michael Shores.

THE COURT: The two teenagers that testified?

[THE PROSECUTOR]: Yes.

[DEFENSE COUNSEL]: His actions are completely independent of his mother's.

[THE PROSECUTOR]: Might go to her boy also.

THE COURT: That she would not want her son to be convicted?

[THE PROSECUTOR]: Correct.

THE COURT: If [Appellant] is acquitted this lady's son cannot be convicted?

[THE PROSECUTOR]: Correct.

THE COURT: It's preserved. It's overruled. I'll allow it.

The prosecutor proceeded to question the witness about her son's tampering with a witness charge.

[THE PROSECUTOR]: And if [Appellant] is not convicted of this crime your son can't be convicted with tampering with a witness?

[WITNESS]: I would have to talk to his lawyer about that. . . .

Appellant argues that the jury disregarded Cheryl Peters's testimony because the prosecutor misstated the law. As such, Appellant claims the admission of this testimony resulted in prejudicial error requiring a new trial.

Section 575.270   RSMo (1995) sets forth what constitutes tampering with a witness:

1.   A person commits the crime of "tampering with a witness" if, with purpose to induce a witness or a prospective witness in an official proceeding to disobey a subpoena or other legal process, or to absent [oneself] or avoid subpoena or other legal process, or to withhold evidence, information or documents, or to testify falsely, he [or she]:

(1) Threatens or causes harm to any person or property; or

(2) Uses force, threats or deception; or

(3) Offers, confers or agrees to confer any benefit, direct or indirect, upon such witness; or

(4) Conveys any of the foregoing to another in furtherance of a conspiracy.

Nothing in the statute indicates that if the underlying charge results in an acquittal that the tampering charge cannot be proven. In its brief, the State concedes that tampering with a witness in violation of Section 575.270 RSMo (1995) does not require a finding of guilt of the underlying charge. This is contrary to what the prosecutor stated twice to the trial judge and once in front of the jury in her questioning of Cheryl Peters.

However, the State is quick to point out that these misstatements of law

to the trial judge were made at a bench conference outside the hearing of the jury. The excerpt from the trial transcript as set forth above reveals otherwise. The prosecutor's questioning of the witness tracked her argument to the trial judge and as such constituted an additional misstatement of the law in front of the jury. When a court permits a misstatement of the law by overruling an objection to it, reversible error is almost inevitable. *State ex rel. Missouri Highway and Transp. Com'n v. Our Savior Lutheran Church,* 922 S.W.2d 816, 819 (Mo.App. E.D.1996). Therefore, we find the trial court did commit error in admitting the testimony about the witness's son's tampering with a witness charge.

■ However, despite finding error in the prosecutor's statements to both the trial judge and the jury about the tampering charge, we find that this error was not prejudicial in light of the strong evidence of Appellant's guilt. Several eyewitnesses who were present at the scene, some of which were within six feet of the car, identified Appellant as the shooter. Almost all of these witnesses personally knew Appellant. Additionally, three separate witnesses identified Appellant from a lineup. Based on the foregoing, we find there was overwhelming evidence of Appellant's guilt upon which the jury could rely.

The judgment is affirmed.

MARY R. RUSSELL and MARY K. HOFF, JJ., concur.