First, we determine whether the trial court committed evident, obvious and clear error affecting the defendant's substantial rights. If the defendant does not get past the first step, our inquiry ends. If we determine that a plain error occurred, however, we then must decide whether the error actually resulted in manifest injustice or a miscarriage of justice.
State v. Smith , 370 S.W.3d 891, 894 (Mo. App. E.D. 2012) (internal citations omitted).
Analysis
In Speed's sole point on appeal, he asserts that the trial court plainly erred by admitting State's exhibits 109 through 111 and 114 through 137, photographs of marijuana and drug paraphernalia inside the residence where the rape took place. At trial, Officer Vaught testified that during execution of the search warrant, he observed marijuana and drug paraphernalia in multiple locations in the house and took photographs of his observations. When the State offered the photographs into evidence, defense counsel objected on the grounds of relevancy and materiality: "There's no question there's some drug paraphernalia and drugs and all that, but this is not a drug charge. It's other crimes evidence that is irrelevant and immaterial and prejudicial. So I would object to it." The prosecutor responded:
In Count 1, the State has alleged that the victim was incapacitated because of an intoxication. Part of the evidence in the State's first victim witness was the fact that she was given something to smoke, marijuana, and I believe that this corroborates her statement, which it was challenged in cross-examination by whether or not she was really intoxicated or not. This corroborates that marijuana was there, that it was prevalent, that there was paraphernalia all over. And so I believe it goes to bolster the State's witness, the fact that she consumed not only alcohol but controlled substances as well, and that was specifically attacked by the defense in cross-examination.
THE COURT: [Defense counsel]?
[DEFENSE COUNSEL]: Judge, as to Exhibits 109, 110, 111, and Exhibit 114 through and including 137, those are all irrelevant and immaterial and prejudicial. It's way overkill because there were over 11 people apparently hanging out in that residence, all of them utilizing marijuana and drug paraphernalia. It's operation overkill to introduce all of these pictures that have absolutely no evidence of any kind of sexual activity. So I object to them as being irrelevant and immaterial and prejudicial. Certainly the rubber and the rubber container, those are relevant and material. I don't object to those.
The trial court admitted the photographs into evidence.
" '[A] photograph is not rendered inadmissible simply because other evidence described what is shown in the photograph.' " State v. Clark , 280 S.W.3d 625, 632 (Mo. App. W.D. 2008) (quoting State v. Rousan , 961 S.W.2d 831, 844 (Mo. banc 1998) ). " 'A photograph, generally speaking, is superior to words as a means of description, and it should not be rejected *99 because by presenting an accurate portrayal it tends to be inflammatory.' " State v. Smith , 185 S.W.3d 747, 756 (Mo. App. S.D. 2006) (quoting State v. Burnfin , 606 S.W.2d 629, 630 (Mo. 1980) ). " 'Photographs are relevant if they depict the crime scene, ... or otherwise constitute proof of an element of the crime[,] or assist the jury in understanding the testimony.' " State v. Collings , 450 S.W.3d 741, 762 (Mo. banc 2014) (quoting Rousan , 961 S.W.2d at 844 ). Furthermore, "[t]he [S]tate is entitled to introduce evidence of the circumstances surrounding the offense charged" in order to "paint[ ] a complete picture of the crime charged." State v. Manley , 223 S.W.3d 887, 892 (Mo. App. W.D. 2007) (internal citations and quotation marks omitted).
Here, the State adduced substantial evidence of B.D. and Speed smoking marijuana and of marijuana and drug paraphernalia being found in the house by the police when they executed the search warrant. B.D. described going into a room with other people who were taking "dabs" and taking a "dab" herself. Detective Glidden testified that he discovered marijuana and drug paraphernalia in multiple locations inside the house when the search warrant was executed. Maryville Public Safety Patrol Officer Adam James assisted in executing the search warrant and testified that when he entered the house, he observed "[d]rug paraphernalia, as far as marijuana, marijuana smoking devices and marijuana." Officer Sarah Kahmann testified that B.D. told her that "at the residence she smoked a substance through a glass smoking device" and admitted to the officer that she had used "wax," which B.D. explained was "a very pure form" of tetrahydrocannabinol or marijuana. Speed did not object to the officers' testimony about marijuana and drug paraphernalia in the house and the photographs in question did nothing more than "paint a complete picture" of the scene of the crime that had previously been described by witness testimony.
Additionally, "[photographs] are also relevant where they corroborate a witness's testimony." State v. Mort , 321 S.W.3d 471, 483 (Mo. App. S.D. 2010) (citing State v. Masden , 990 S.W.2d 190, 193 (Mo. App. W.D. 1999) ). B.D. testified that after drinking alcohol and smoking marijuana, she "blacked out" and did not remember anything until she woke up in the bathroom, leaning over the sink, with Speed behind her and his penis inside her vagina. Defense counsel attacked her version of events, specifically her claim that she lost consciousness. The photographs of marijuana and drug paraphernalia in the house were relevant to explain why B.D. "blacked out" just prior to the criminal offense.
Finally, defense counsel referred to the presence and use of marijuana at the house throughout the trial. During Detective Glidden's cross-examination, defense counsel read a statement, which had been admitted without objection, that Speed had given to the detective, containing a description of the presence and use of marijuana:
I saw [B.D.] ... and we were all smoking blunts and smoking out of a bong. Everyone in the whole living room smoked with us.
....
... [B.D.] was smoking with us and she barely could even walk because of the amount of alcohol she drank[,] but she started to smoke.
During Speed's direct examination, defense counsel questioned him regarding his friend who rented the house where the marijuana was found:
*100 Q: Why does he allow the place where he lives to be a drug den? Because that's the only way we can describe it.
A: It's not that he allowed it. He just has three other roommates so ...
Q: You saw the pictures. It's a drug den. Why does he allow that to take place?
A: I can't answer why he would let that happen in his house.
Later during direct examination, defense counsel questioned Speed as to why he went to his friend's house after leaving the fraternity party:
Q: Okay. Now, why did all of you head over to [Speed's friend's] house, which basically is a drug den? Why did you go over there?
A: Because that's the people I came with and that's their house and that's who I came to [the fraternity party] with, so I left with them to go back to their house.
Defense counsel asked whether there were people smoking marijuana reefers at his friend's house, and Speed replied, "Yes." Defense counsel also inquired about B.D.'s behavior when she arrived at the house: "Did she just sit there and relax or did she start puffing on marijuana?" Speed testified that he observed people rolling and puffing on blunts, which he described as a tobacco cigar filled with marijuana. He said he and B.D. smoked marijuana blunts in the bedroom.
Under these circumstances, Speed can neither show that it was error for the trial court to permit the introduction of the photographic evidence of which he complains nor show that he was prejudiced by the admission of the photographs. In general, "prejudice does not exist when the objectionable evidence is merely cumulative of other evidence that was admitted without objection and that sufficiently establishes 'essentially the same facts.' " Smith , 185 S.W.3d at 757 (quoting State v. Haddock , 24 S.W.3d 192, 196 (Mo. App. W.D. 2000) ).
We conclude that the trial court did not err, plainly or otherwise, in overruling objections to the admission of the drug paraphernalia photograph exhibits.
Point denied.
Conclusion
The trial court's judgment is affirmed.
Karen King Mitchell and Anthony Rex Gabbert, Judges, concur.